STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlegrand.com

GIBSON LEGRAND LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HUGH S. PROCTOR, an individual; and SP TRUST, a Nevada trust, <br><br> Plaintiffs, <br><br> v. <br><br> CPF RECOVERY WAYS, LLC, a Delaware limited-liability company; CHICAGO PACIFIC CAPITAL, LLC, an entity with its principal place of business in Illinois; GOLDSTREAM, LLC, a Utah limited-liability company; NORTH AMERICAN MANAGEMENT, LLC, a Utah limited-liability company; PARSONS BEHLE & LATIMER, a Utah professional corporation; LAWRENCE LEISURE, an individual; GEOFFREY W. MANGUM, and individual; JAMES R. PETERSEN, an individual; JOHN ROBERTSON, an individual; and MARY TOLAN, an individual, <br><br> Defendants. | Case No.:  2:14-cv-01693-RFB-PAL <br><br> **FIRST AMENDED COMPLAINT** <br><br> **(JURY TRIAL REQUESTED)** |

Plaintiffs Hugh S. Proctor ("Proctor") and SP Trust, a Nevada trust ("SP Trust";

collectively with Proctor, "Plaintiffs"), by and through its counsel, GIBSON LEGRAND LLP,

complains and alleges as follows against Defendants CPF RECOVERY WAYS, LLC, a

Delaware limited-liability company ("CPF"); CHICAGO PACIFIC CAPITAL, LLC, an entity

with its principal place of business in Illinois ("CPC"); GOLDSTREAM, LLC, a Utah limited-

liability company ("Goldstream"); NORTH AMERICAN MANAGEMENT, LLC, a Utah

limited-liability company ("NAM"); PARSONS BEHLE & LATIMER, a Utah professional

corporation ("PBL"); LAWRENCE LEISURE, an individual ("Leisure"); GEOFFREY W. MANGUM, an individual ("Mangum"); JAMES R. PETERSEN, an individual ("Petersen"); JOHN ROBERTSON, an individual ("Robertson"); MARY TOLAN, an individual ("Tolan"; collectively with CPF, CPC, Goldstream, NAM, PBL, Leisure, Mangum, Petersen and Robertson, the "Defendants"), on information and belief, that the following are and have been true at all time relevant to this lawsuit unless otherwise indicated specifically to the contrary:

## NATURE OF ACTION

1.    This is an action for breaches of duty of care and loyalty, conversion, and aiding and abetting breaches of the duty of care and loyalty and conversion, unjust enrichment, copyright infringement, contributory copyright infringement and misappropriation of commercial properties.

## PARTIES

2.    Proctor is an individual whose principal residence is in the State of Nevada.

3.    SP Trust is a trust formed under the laws of the State of Nevada whose beneficiary is Proctor.

4.    CPF is a limited-liability company organized pursuant to the laws of the State of Delaware.

5.    CPC is an entity with its principal place of business in Illinois.

6.    Goldstream is a limited-liability company organized pursuant to the laws of the State of Utah.

7.    Goldstream owns approximately 58% of RECOVERY WAYS LLC, a Nevada limited-liability company ("RW").

8.    Goldstream owns approximately 1.06% of RECOVERY WAYS COPPER HILLS LLC, a Utah limited-liability company ("RWCH").

9.    Goldstream owns approximately 7.4% of RECOVERY WAYS MOUNTAIN VIEW LLC, a Utah limited-liability company ("RWMV").

10.    MV PROPERTY LLC ("MV") is a limited-liability company organized pursuant to the laws of the State of Nevada.

11.    NAM is a limited-liability company organized pursuant to the laws of the State of Utah.

12.    NAM is the Manager of MV.

13.    NAM is the Manager for RW.

14.    PBL is a professional corporation organized pursuant to the laws of the State of Utah.

15.    RW is a limited-liability company organized pursuant to the laws of the State of Nevada.

16.    RW owns approximately 80% of RWCH.

17.    RW owns approximately 71.5% of RWMV.

18.    RWCH is a limited-liability company organized pursuant to the laws of the State of Utah.

19.    RWMV is a limited-liability company organized pursuant to the laws of the State of Utah.

20.    RW Copper Hills, LLC ("RW Copper") is a limited-liability company organized pursuant to the laws of the State of Utah.

21.    Leisure is an individual whose principal residence is in the State of Illinois.

22.    Mangum is an individual whose principal residence is in the State of Utah.

23.    Petersen is an individual whose principal residence is in the State of Utah.

24.    Petersen owns (either directly or indirectly) approximately 50% of Goldstream.

25.    Petersen owns (either directly or indirectly) approximately 6.5% of MV.

26.    Petersen owns (either directly or indirectly) approximately 50% of NAM.

27.    Petersen owns (either directly or indirectly) approximately 29% of RW.

28.    Petersen owns (either directly or indirectly) approximately 23.73% of RWCH.

29.    Petersen owns (either directly or indirectly) approximately 24.04% of RWMV.

30.    Robertson is an individual whose principal residence is in the State of Utah.

31.     Robertson owns (either directly or indirectly) approximately 50% of Goldstream.

32.     Robertson owns (either directly or indirectly) approximately 6.5% of MV.

33.     Robertson owns (either directly or indirectly) approximately 50% of NAM.

34.     Robertson owns (either directly or indirectly) approximately 29% of RW.

35.     Robertson owns (either directly or indirectly) approximately 23.73% of RWCH.

36.     Robertson owns (either directly or indirectly) approximately 24.04% of RWMV.

37.     Tolan is an individual whose principal residence is in the State of Illinois.

38.     Tolan is an executive, who together with Leisure, has the ability to control the activities of CPC.

39.     CPC controls CPF.


**JURISDICTION**

40.     Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

41.     This Court has original jurisdiction over the FIRST through FIFTY-FOURTH Causes of Action (the "Federal Causes of Action"), pursuant to 28 U.S.C. § 1338 because the Federal Causes of arise under the copyright laws of the United States.

42.     This Court has supplemental jurisdiction over Plaintiff's FIFTY-FIFTH through ONE HUNDRED AND TENTH Causes of Action (the "State Law Causes of Action") pursuant to 28 U.S.C. § 1367 because the State Law Causes of Action are so related to the Federal Causes of Action as to form part of the same case or controversy as the Federal Law Causes of Action pursuant to Article III of the United States Constitution.

43.     As RW is a limited liability company organized and subsisting under the laws of the State of Nevada, courts sitting in the State of Nevada have a substantial interest in adjudicating claims related to such entity.

44.     As the managerial fiduciary duties, duty of care and duty of loyalty (the "Fiduciary Duties") as well as the other duty of care and loyalty as alleged herein arise out of Nevada common law and Nevada statutory law, claims that sound in breaches of the Fiduciary

Duties and other duty of care and loyalty arise out of Nevada law and not out of any contractual arrangement made between the members and managers of RW.

45.    The Defendants alleged herein to have breached the Fiduciary Duties and/or aided and abetted in the breach of the Fiduciary Duties knew or should have known that the SP Trust and/or Proctor would experience damages arising from those acts in Nevada.

46.    The Defendants that otherwise breached their duty of care and loyalty as alleged herein knew or should have known that the SP Trust and/or Proctor would experience damages arising from those acts in Nevada.

47.    The Defendants alleged herein to have infringed and misappropriated Proctor's copyrights and commercial properties ("Proctor's Intellectual Property"), and/or aided and abetted same, knew or had reason to know that the Proctor's Intellectual Property was held by Proctor in Nevada.

48.    The Defendants alleged herein to have infringed and misappropriated Proctor's Intellectual Property, and/or aided and abetted same, knew or had reason to know that such infringement and misappropriation would cause Proctor damage in Nevada.

49.    This Court has original jurisdiction over all causes of action as the Plaintiffs are citizens of Nevada and the Defendants are citizens of foreign states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## VENUE

50.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in Nevada.

## FACTS

51.    CPF purchased from RW, RWCH, and RWMV (those three entities known herein as "the Sellers") certain assets which purport to be all or substantially all of the assets of

the Sellers as well as Seller's relevantly related affiliates pursuant to that certain Asset Purchase Agreement, in form and substance the same as Exhibit 1 (the "Asset Purchase Agreement").

52.     Petersen and Robertson (the "Majority Owners") were the natural persons who controlled (either directly or indirectly) the Sellers at all relevant times.

53.     The Majority Owners caused the Sellers to enter into the Asset Purchase Agreement.

54.     The SP Trust expressly dissented from agreeing that the Sellers should enter into the Asset Purchase Agreement (the "Dissent").

55.     The Majority Owners had actual notice of the Dissent.

56.     As part of the simultaneous transaction that formed the acquisition of assets pursuant to the Asset Purchase Agreement (the "Acquisition"), the Majority Owners further structured the transaction in a manner to gain additional economic benefits for the exclusive benefit of the Majority Owners from CPF (the "Majority Owners Bargain") such as the ability for only the Majority Owners to acquire equity interests in the post-Acquisition company at a steep discount as well as substantial bonus payments for ongoing services by the Majority Owners above and beyond that which would be paid at typical market rates, all of the foregoing thus effectuating a self-dealing benefiting the Majority Owners (the "Self-Dealing").

57.     The Acquisition purported to incorporate assets associated with RW Copper, but never valued same.

58.     The Acquisition purported to incorporate assets associated with RWMV, but never valued same.

59.     The Acquisition purported to incorporate assets associated with MV, but never valued same.

60.     The Self-Dealing incorporated a compensation structure to the Majority Owners at rates of compensation well above that which would otherwise be afforded to the Majority Owners at typical market rates.

61. The Majority Owners intentionally caused the Sellers to agree to a purchase price for the Acquisition (the "Purchase Price") that was far below a reasonable market level (the "Undervaluation").

62. As part of the Undervaluation, the Majority Owners caused the Sellers to reflect a Purchase Price that failed to value Seller's assets, ignored certain assets entirely, did not make clear in the Asset Purchase Agreement all of the assets that were conveyed, effected the Self-Dealing and fabricated financial results in a manner utterly unreflective of the true value of the Sellers assets which were acquired in the Acquisition.

63. The Majority Owners intentionally structured the Acquisition in a manner to have the Purchase Price plus the Majority Owners Bargain constitute the consideration for the Acquisition, rather than structure the Acquisition to have a purchase price that reflected a real market level consideration (the "MO Structure").

64. Even if the Purchase Price in addition to the Majority Owners Bargain were combined in value as the full consideration for the Acquisition, such value would still have resulted in an undervaluation of the assets acquired in the Acquisition with the Buyer still acquiring the assets in the Acquisition at below market value.

65. The Majority Owners thus structured the Acquisition in a manner to freeze-out the non-majority owners of the Sellers (the "Minority Owners") from benefiting from a market-level acquisition price.

66. The Majority Owners thus converted to themselves as part of the Self-Dealing funds that would have been paid to the SP Trust as part of the Acquisition.

67. The Majority Owners used Goldstream as an entity structure through which, in part, to undertake the Self-Dealing, have funds pass through to themselves as Majority Owners after first passing through Goldstream and generally using Goldstream as an entity-vehicle to effectuate the Majority Owners Self-Dealing, acts of conversion and the unjust enrichment.

68. CPF knew that the Purchase Price was below market level consideration for the Acquisition and nevertheless joined the Majority Owners in structuring the Acquisition in a

manner that would freeze-out the Minority Owners from benefiting from the full consideration of the Acquisition.

69. CPF benefited from the Undervaluation by gaining the assets that were the subject of the Acquisition at a lower than market purchase price while gaining the services of the Majority Owners post-acquisition.

70. PBL acted as legal counsel on all phases of the Acquisition.

71. PBL took business direction from the Majority Owners in association with providing legal services regarding the Acquisition.

72. PBL knew that the Acquisition was structured in a manner to permit the Majority Owners to engage in self-dealing and benefit the Majority Owners economically to the detriment of the Minority Owners.

73. PBL owed all owners of the Sellers a duty of care and loyalty to ensure that the Acquisition did not occur under circumstances that the Majority Owners were able to engage in the Self-Dealing.

74. Mangum acted as legal counsel on all phases of the Acquisition.

75. Mangum took business direction from the Majority Owners in association with providing legal services regarding the Acquisition.

76. Mangum knew that the Acquisition was structured in a manner to permit the Majority Owners to engage in self-dealing and benefit the Majority Owners economically to the detriment of the Minority Owners.

77. Mangum owed all owners of the Sellers a duty of care and loyalty to ensure that the Acquisition did not occur under circumstances that the Majority Owners were able to engage in the Self-Dealing.

78. NAM knew that the Acquisition was structured in a manner to permit the Majority Owners to engage in self-dealing and benefit the Majority Owners economically to the detriment of the Minority Owners.

79. NAM approved the Acquisition in a manner to permit the Majority Owners to engage in self-dealing and benefit the Majority Owners economically to the detriment of the Minority Owners.

80. Tolan knew that the Acquisition was structured in a manner to permit the Majority Owners to engage in self-dealing and benefit the Majority Owners economically to the detriment of the Minority Owners.

81. Leisure knew that the Acquisition was structured in a manner to permit the Majority Owners to engage in self-dealing and benefit the Majority Owners economically to the detriment of the Minority Owners.

82. No part of the Acquisition involved Recovery Help LLC's (a limited liability company organized under the laws of Utah ("RH")) assets or equity interests.

83. Neither the SP Trust nor Proctor granted any permission for the Majority Owners to engage in any post-Acquisition transaction involving RH, RH assets or RH equity interests.

84. CPF presently uses, with the knowledge and consent of the Majority Owners, assets licensed by Recovery Help (the "Licensed Assets") from Proctor without compensation to Recovery Help, SP Trust or Proctor.

85. CPF's use of the Licensed Assets ultimately economically benefits the Majority Owners to the exclusion of SP Trust or Proctor as SP Trust and/or Proctor have no economic interest or benefit from CPF's operations, unlike the Majority Owners.

86. Proctor drafted the content set forth in Exhibit 2 (the "Copyrighted Work No. 1").

87. Proctor is the owner of the copyright in Copyrighted Work No. 1 entitled "In Patient Manual, Policies and Records" ("Copyright No. 1").

88. Proctor drafted the content set forth in Exhibit 3 (the "Copyrighted Work No. 2").

89. Proctor is the owner of the copyright in Copyrighted Work No. 2 entitled "Intensive Outpatient Treatment for Substance Abuse Rehabilitation Press Release" ("Copyright No. 2").

90.   Proctor drafted the content set forth in Exhibit 4 (the "Copyrighted Work No. 3").

91.   Proctor is the owner of the copyright in Copyrighted Work No. 3 entitled "Program – Intensive Outpatient Treatment" ("Copyright No. 3").

92.   Proctor drafted the content set forth in Exhibit 5 (the "Copyrighted Work No. 4").

93.   Proctor is the owner of the copyright in Copyrighted Work No. 4 entitled "Rehabilitation vs. Incarceration . . . Laws, Judges and Governments Deal With Substance Abuse Treatment" ("Copyright No. 4").

94.   Proctor drafted the content set forth in Exhibit 6 (the "Copyrighted Work No. 5").

95.   Proctor is the owner of the copyright in Copyrighted Work No. 5 entitled "Continuing Services Post Care Program" ("Copyright No. 5").

96.   Proctor drafted the content set forth in Exhibit 7 (the "Copyrighted Work No. 6").

97.   Proctor is the owner of the copyright in Copyrighted Work No. 6 entitled "Residential Treatment Program Details" ("Copyright No. 6").

98.   Proctor drafted the content set forth in Exhibit 8 (the "Copyrighted Work No. 7").

99.   Proctor is the owner of the copyright in Copyrighted Work No. 7 entitled "Habit or Disease – Loved Ones" ("Copyright No. 7").

100.   Proctor drafted the content set forth in Exhibit 9 (the "Copyrighted Work No. 8").

101.   Proctor is the owner of the copyright in Copyrighted Work No. 8 entitled "Bad Habit or Disease of Addiction" ("Copyright No. 8").

102.   Proctor drafted the content set forth in Exhibit 10 (the "Copyrighted Work No. 9").

103.    Proctor is the owner of the copyright in Copyrighted Work No. 9 entitled "Admissions Procedure" ("Copyright No. 9").

104.    Proctor granted a personal, non-exclusive, implied license to RH to use Copyrighted Works No. 1 through No. 9 (the "Total Copyrighted Works") in the normal course of RH's business and in a manner that Proctor would personally and directly benefit from such use (the "Implied Copyright License") as an ultimately beneficial party of the equity interest held by the SP Trust.

105.    Under no circumstances did Proctor ever grant any right to RH to transfer the Implied Copyright License.

106.    Under no circumstances would Proctor have granted any permission for RH to transfer the Implied Copyright License under circumstances whereby Proctor would not be entitled to participate in the ongoing economic benefit of the commercial exploitation of the copyrights which were the subject of the Implied Copyright License.

107.    Proctor developed the entire business structure for the RW and RH business model and operations through at least one and half years of full time work and variously memorialized that business structure in the Total Copyright Works, various oral and written depictions of the strategies and implementations of the business for the RW and RH business model, the development of those strategies and all of the results of same (the "Recovery Commercial Property").

108.    Proctor granted a personal, non-exclusive, implied license to RW and RH to use the Recovery Business Model in the normal course of RW and RH's business and in a manner that Proctor would personally and directly benefit from such use (the "Implied Commercial Property License") as an ultimately beneficial party of the equity interest held by the SP Trust.

109.    Under no circumstances did Proctor ever grant any right to RW or RH to transfer the Implied Commercial Property License.

110.    Under no circumstances would Proctor have granted any permission for RW or RH to transfer the Implied Commercial Property License under circumstances whereby Proctor would not be entitled to participate in the ongoing economic benefit of the commercial

-11-

exploitation of the commercial properties which were the subject of the Implied Commercial Property License.

### FIRST CAUSE OF ACTION

### DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against CPF with respect to Copyrighted Work No. 1)

111. Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

112. Proctor holds the exclusive right to reproduce the Copyrighted Work No. 1, pursuant to 17 U.S.C. § 106(1).

113. CPF reproduced the Copyrighted Work No. 1 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(1).

114. CPF displayed the Copyrighted Work No. 1 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(5).

115. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such damages pursuant to 17 U.S.C. § 504(a)(1).

116. CPF has profited as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such profits pursuant to 17 U.S.C. § 504(a)(1).

117. Proctor has been required to retain an attorney to prosecute this action, and CPF is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

118. Proctor has incurred costs of suit in connection with bringing this action, and CPF is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### SECOND CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Petersen with respect to Copyrighted Work No. 1)

119. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

120. Petersen knew of CPF's reproduction and display of the Copyrighted Work No. 1 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

121. Petersen induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 1 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

122. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Petersen is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

123. Petersen has profited as a result of Petersen's acts as alleged herein, and Petersen is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

124. Proctor has been required to retain an attorney to prosecute this action, and Petersen is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

125. Proctor has incurred costs of suit in connection with bringing this action, and Petersen is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Robertson with respect to Copyrighted Work No. 1)

126. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

127. Robertson knew of CPF's reproduction and display of the Copyrighted Work No. 1 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

128. Robertson induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Works No. 1 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

129. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Robertson is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

130. Robertson has profited as a result of Robertson's acts as alleged herein, and Robertson is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

131. Proctor has been required to retain an attorney to prosecute this action, and Robertson is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

132.    Proctor has incurred costs of suit in connection with bringing this action, and Robertson is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FOURTH_CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Tolan with respect to Copyrighted Work No. 1)

133.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

134.    Tolan knew of CPF's reproduction and display of the Copyrighted Work No. 1 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

135.    Tolan induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 1 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

136.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Tolan is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

137.    Tolan has profited as a result of Petersen's acts as alleged herein, and Tolan is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

138.    Proctor has been required to retain an attorney to prosecute this action, and Tolan is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

139.    Proctor has incurred costs of suit in connection with bringing this action, and Tolan is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTH_CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Leisure with respect to Copyrighted Work No. 1)

140.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

141.    Leisure knew of CPF's reproduction and display of the Copyrighted Work No. 1 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

142. Leisure induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 1 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

143. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Leisure is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

144. Leisure has profited as a result of Leisure's acts as alleged herein, and Leisure is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

145. Proctor has been required to retain an attorney to prosecute this action, and Leisure is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

146. Proctor has incurred costs of suit in connection with bringing this action, and Leisure is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### SIXTH CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against CPC with respect to Copyrighted Work No. 1)

147. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

148. CPC knew of CPF's reproduction and display of the Copyrighted Work No. 1 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

149. CPC induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 1 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

150. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPC is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

151. CPC has profited as a result of CPC's acts as alleged herein, and CPC is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

152. Proctor has been required to retain an attorney to prosecute this action, and CPC is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

153.     Proctor has incurred costs of suit in connection with bringing this action, and CPC is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### SEVENTH CAUSE OF ACTION

### DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against CPF with respect to Copyrighted Work No. 2)

154.     Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

155.     Proctor holds the exclusive right to reproduce the Copyrighted Work No. 2, pursuant to 17 U.S.C. § 106(1).

156.      CPF reproduced the Copyrighted Work No. 2 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(1).

157.     CPF displayed the Copyrighted Work No. 2 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(5).

158.     Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such damages pursuant to 17 U.S.C. § 504(a)(1).

159.     CPF has profited as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such profits pursuant to 17 U.S.C. § 504(a)(1).

160.     Proctor has been required to retain an attorney to prosecute this action, and CPF is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

161.     Proctor has incurred costs of suit in connection with bringing this action, and CPF is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### EIGHTH CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Petersen with respect to Copyrighted Work No. 2)

162.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

163.     Petersen knew of CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

164. Petersen induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

165. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Petersen is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

166. Petersen has profited as a result of Petersen's acts as alleged herein, and Petersen is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

167. Proctor has been required to retain an attorney to prosecute this action, and Petersen is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

168. Proctor has incurred costs of suit in connection with bringing this action, and Petersen is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## NINTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Robertson with respect to Copyrighted Work No. 2)

169. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

170. Robertson knew of CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

171. Robertson induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

172. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Robertson is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

173. Robertson has profited as a result of Robertson's acts as alleged herein, and Robertson is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

174. Proctor has been required to retain an attorney to prosecute this action, and Robertson is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

175.   Proctor has incurred costs of suit in connection with bringing this action, and Robertson is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**TENTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Tolan with respect to Copyrighted Work No. 2)

176.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

177.   Tolan knew of CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

178.   Tolan induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

179.   Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Tolan is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

180.   Tolan has profited as a result of Petersen's acts as alleged herein, and Tolan is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

181.   Proctor has been required to retain an attorney to prosecute this action, and Tolan is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

182.   Proctor has incurred costs of suit in connection with bringing this action, and Tolan is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**ELEVENTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Leisure with respect to Copyrighted Work No. 2)

183.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

184.   Leisure knew of CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

185.    Leisure induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

186.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Leisure is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

187.    Leisure has profited as a result of Leisure's acts as alleged herein, and Leisure is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

188.    Proctor has been required to retain an attorney to prosecute this action, and Leisure is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

189.    Proctor has incurred costs of suit in connection with bringing this action, and Leisure is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### TWELFTH CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against CPC with respect to Copyrighted Work No. 2)

190.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

191.    CPC knew of CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

192.    CPC induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 2 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

193.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPC is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

194.    CPC has profited as a result of CPC's acts as alleged herein, and CPC is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

195.    Proctor has been required to retain an attorney to prosecute this action, and CPC is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

196. Proctor has incurred costs of suit in connection with bringing this action, and CPC is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**THIRTEENTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against CPF with respect to Copyrighted Work No. 3)

197. Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

198. Proctor holds the exclusive right to reproduce the Copyrighted Work No. 3, pursuant to 17 U.S.C. § 106(1).

199. CPF reproduced the Copyrighted Work No. 3 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(1).

200. CPF displayed the Copyrighted Work No. 3in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(5).

201. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such damages pursuant to 17 U.S.C. § 504(a)(1).

202. CPF has profited as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such profits pursuant to 17 U.S.C. § 504(a)(1).

203. Proctor has been required to retain an attorney to prosecute this action, and CPF is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

204. Proctor has incurred costs of suit in connection with bringing this action, and CPF is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**FOURTEENTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Petersen with respect to Copyrighted Work No. 3)

205. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

206. Petersen knew of CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

207. Petersen induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

208. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Petersen is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

209. Petersen has profited as a result of Petersen's acts as alleged herein, and Petersen is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

210. Proctor has been required to retain an attorney to prosecute this action, and Petersen is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

211. Proctor has incurred costs of suit in connection with bringing this action, and Petersen is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTEENTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Robertson with respect to Copyrighted Work No. 3)

212. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

213. Robertson knew of CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

214. Robertson induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

215. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Robertson is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

216. Robertson has profited as a result of Robertson's acts as alleged herein, and Robertson is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

217. Proctor has been required to retain an attorney to prosecute this action, and Robertson is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

218.    Proctor has incurred costs of suit in connection with bringing this action, and Robertson is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**SIXTEENTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Tolan with respect to Copyrighted Work No. 3)

219.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

220.    Tolan knew of CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

221.    Tolan induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

222.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Tolan is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

223.    Tolan has profited as a result of Petersen's acts as alleged herein, and Tolan is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

224.    Proctor has been required to retain an attorney to prosecute this action, and Tolan is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

225.    Proctor has incurred costs of suit in connection with bringing this action, and Tolan is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**SEVENTEENTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Leisure with respect to Copyrighted Work No. 3)

226.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

227.    Leisure knew of CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

228. Leisure induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

229. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Leisure is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

230. Leisure has profited as a result of Leisure's acts as alleged herein, and Leisure is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

231. Proctor has been required to retain an attorney to prosecute this action, and Leisure is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

232. Proctor has incurred costs of suit in connection with bringing this action, and Leisure is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### EIGHTEENTH CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against CPC with respect to Copyrighted Work No. 3)

233. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

234. CPC knew of CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

235. CPC induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 3 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

236. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPC is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

237. CPC has profited as a result of CPC's acts as alleged herein, and CPC is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

238. Proctor has been required to retain an attorney to prosecute this action, and CPC is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

239. Proctor has incurred costs of suit in connection with bringing this action, and CPC is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## NINETEENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against CPF with respect to Copyrighted Work No. 4)

240. Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

241. Proctor holds the exclusive right to reproduce the Copyrighted Work No. 4, pursuant to 17 U.S.C. § 106(1).

242.  CPF reproduced the Copyrighted Work No. 4 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(1).

243. CPF displayed the Copyrighted Work No. 4 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(5).

244. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such damages pursuant to 17 U.S.C. § 504(a)(1).

245. CPF has profited as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such profits pursuant to 17 U.S.C. § 504(a)(1).

246. Proctor has been required to retain an attorney to prosecute this action, and CPF is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

247. Proctor has incurred costs of suit in connection with bringing this action, and CPF is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTIETH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Petersen with respect to Copyrighted Work No. 4)

248. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

249. Petersen knew of CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

250.    Petersen induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

251.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Petersen is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

252.    Petersen has profited as a result of Petersen's acts as alleged herein, and Petersen is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

253.    Proctor has been required to retain an attorney to prosecute this action, and Petersen is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

254.    Proctor has incurred costs of suit in connection with bringing this action, and Petersen is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTY-FIRST CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Robertson with respect to Copyrighted Work No. 4)

255.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

256.    Robertson knew of CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

257.    Robertson induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

258.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Robertson is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

259.    Robertson has profited as a result of Robertson's acts as alleged herein, and Robertson is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

260.    Proctor has been required to retain an attorney to prosecute this action, and Robertson is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

261.   Proctor has incurred costs of suit in connection with bringing this action, and Robertson is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTY-SECOND CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Tolan with respect to Copyrighted Work No. 4)

262.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

263.   Tolan knew of CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

264.   Tolan induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

265.   Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Tolan is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

266.   Tolan has profited as a result of Petersen's acts as alleged herein, and Tolan is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

267.   Proctor has been required to retain an attorney to prosecute this action, and Tolan is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

268.   Proctor has incurred costs of suit in connection with bringing this action, and Tolan is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTY-THIRD CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Leisure with respect to Copyrighted Work No. 4)

269.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

270.   Leisure knew of CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

271. Leisure induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

272. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Leisure is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

273. Leisure has profited as a result of Leisure's acts as alleged herein, and Leisure is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

274. Proctor has been required to retain an attorney to prosecute this action, and Leisure is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

275. Proctor has incurred costs of suit in connection with bringing this action, and Leisure is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### TWENTY-FOURTH CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against CPC with respect to Copyrighted Work No. 4)

276. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

277. CPC knew of CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

278. CPC induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 4 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

279. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPC is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

280. CPC has profited as a result of CPC's acts as alleged herein, and CPC is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

281. Proctor has been required to retain an attorney to prosecute this action, and CPC is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

282.    Proctor has incurred costs of suit in connection with bringing this action, and CPC is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**TWENTY-FIFTH CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against CPF with respect to Copyrighted Work No. 5)

283.    Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

284.    Proctor holds the exclusive right to reproduce the Copyrighted Work No. 5, pursuant to 17 U.S.C. § 106(1).

285.    CPF reproduced the Copyrighted Work No. 5 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(1).

286.    CPF displayed the Copyrighted Work No. 5 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(5).

287.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such damages pursuant to 17 U.S.C. § 504(a)(1).

288.    CPF has profited as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such profits pursuant to 17 U.S.C. § 504(a)(1).

289.    Proctor has been required to retain an attorney to prosecute this action, and CPF is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

290.    Proctor has incurred costs of suit in connection with bringing this action, and CPF is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**TWENTY-SIXTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Petersen with respect to Copyrighted Work No. 5)

291.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

292.    Petersen knew of CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

293.    Petersen induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

294.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Petersen is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

295.    Petersen has profited as a result of Petersen's acts as alleged herein, and Petersen is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

296.    Proctor has been required to retain an attorney to prosecute this action, and Petersen is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

297.    Proctor has incurred costs of suit in connection with bringing this action, and Petersen is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTY-SEVENTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Robertson with respect to Copyrighted Work No. 5)

298.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

299.    Robertson knew of CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

300.    Robertson induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

301.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Robertson is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

302.    Robertson has profited as a result of Robertson's acts as alleged herein, and Robertson is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

303.    Proctor has been required to retain an attorney to prosecute this action, and Robertson is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

304. Proctor has incurred costs of suit in connection with bringing this action, and Robertson is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTY-EIGHTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Tolan with respect to Copyrighted Work No. 5)

305. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

306. Tolan knew of CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

307. Tolan induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

308. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Tolan is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

309. Tolan has profited as a result of Petersen's acts as alleged herein, and Tolan is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

310. Proctor has been required to retain an attorney to prosecute this action, and Tolan is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

311. Proctor has incurred costs of suit in connection with bringing this action, and Tolan is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## TWENTY-NINTH CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Leisure with respect to Copyrighted Work No. 5)

312. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

313. Leisure knew of CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

314.    Leisure induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

315.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Leisure is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

316.    Leisure has profited as a result of Leisure's acts as alleged herein, and Leisure is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

317.    Proctor has been required to retain an attorney to prosecute this action, and Leisure is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

318.    Proctor has incurred costs of suit in connection with bringing this action, and Leisure is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### THIRTIETH CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against CPC with respect to Copyrighted Work No. 5)

319.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

320.    CPC knew of CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

321.    CPC induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 5 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

322.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPC is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

323.    CPC has profited as a result of CPC's acts as alleged herein, and CPC is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

324.    Proctor has been required to retain an attorney to prosecute this action, and CPC is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

325. Proctor has incurred costs of suit in connection with bringing this action, and CPC is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**THIRTY-FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against CPF with respect to Copyrighted Work No. 6)

326. Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

327. Proctor holds the exclusive right to reproduce the Copyrighted Work No. 6, pursuant to 17 U.S.C. § 106(1).

328. CPF reproduced the Copyrighted Work No. 6 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(1).

329. CPF displayed the Copyrighted Work No. 6 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(5).

330. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such damages pursuant to 17 U.S.C. § 504(a)(1).

331. CPF has profited as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such profits pursuant to 17 U.S.C. § 504(a)(1).

332. Proctor has been required to retain an attorney to prosecute this action, and CPF is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

333. Proctor has incurred costs of suit in connection with bringing this action, and CPF is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**THIRTY-SECOND CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Petersen with respect to Copyrighted Work No. 6)

334. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

335. Petersen knew of CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

336.    Petersen induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

337.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Petersen is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

338.    Petersen has profited as a result of Petersen's acts as alleged herein, and Petersen is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

339.    Proctor has been required to retain an attorney to prosecute this action, and Petersen is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

340.    Proctor has incurred costs of suit in connection with bringing this action, and Petersen is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.


**THIRTY-THIRD CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Robertson with respect to Copyrighted Work No. 6)

341.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

342.    Robertson knew of CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

343.    Robertson induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

344.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Robertson is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

345.    Robertson has profited as a result of Robertson's acts as alleged herein, and Robertson is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

346.    Proctor has been required to retain an attorney to prosecute this action, and Robertson is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

347.     Proctor has incurred costs of suit in connection with bringing this action, and Robertson is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### THIRTY-FOURTH CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Tolan with respect to Copyrighted Work No. 6)

348.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

349.     Tolan knew of CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

350.     Tolan induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

351.     Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Tolan is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

352.     Tolan has profited as a result of Petersen's acts as alleged herein, and Tolan is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

353.     Proctor has been required to retain an attorney to prosecute this action, and Tolan is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

354.     Proctor has incurred costs of suit in connection with bringing this action, and Tolan is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### THIRTY-FIFTH CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Leisure with respect to Copyrighted Work No. 6)

355.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

356.     Leisure knew of CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

357. Leisure induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

358. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Leisure is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

359. Leisure has profited as a result of Leisure's acts as alleged herein, and Leisure is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

360. Proctor has been required to retain an attorney to prosecute this action, and Leisure is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

361. Proctor has incurred costs of suit in connection with bringing this action, and Leisure is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## THIRTY-SIXTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against CPC with respect to Copyrighted Work No. 6)

362. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

363. CPC knew of CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

364. CPC induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 6 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

365. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPC is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

366. CPC has profited as a result of CPC's acts as alleged herein, and CPC is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

367. Proctor has been required to retain an attorney to prosecute this action, and CPC is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

368.    Proctor has incurred costs of suit in connection with bringing this action, and CPC is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## THIRTY-SEVENTH CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against CPF with respect to Copyrighted Work No. 7)

369.    Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

370.    Proctor holds the exclusive right to reproduce the Copyrighted Work No. 7, pursuant to 17 U.S.C. § 106(1).

371.    CPF reproduced the Copyrighted Work No. 7 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(1).

372.    CPF displayed the Copyrighted Work No. 7 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(5).

373.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such damages pursuant to 17 U.S.C. § 504(a)(1).

374.    CPF has profited as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such profits pursuant to 17 U.S.C. § 504(a)(1).

375.    Proctor has been required to retain an attorney to prosecute this action, and CPF is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

376.    Proctor has incurred costs of suit in connection with bringing this action, and CPF is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## THIRTY-EIGHTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Petersen with respect to Copyrighted Work No. 7)

377.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

378.    Petersen knew of CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

379.    Petersen induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

380.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Petersen is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

381.    Petersen has profited as a result of Petersen's acts as alleged herein, and Petersen is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

382.    Proctor has been required to retain an attorney to prosecute this action, and Petersen is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

383.    Proctor has incurred costs of suit in connection with bringing this action, and Petersen is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## THIRTY-NINTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Robertson with respect to Copyrighted Work No. 7)

384.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

385.    Robertson knew of CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

386.    Robertson induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

387.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Robertson is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

388.    Robertson has profited as a result of Robertson's acts as alleged herein, and Robertson is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

389.    Proctor has been required to retain an attorney to prosecute this action, and Robertson is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

390. Proctor has incurred costs of suit in connection with bringing this action, and Robertson is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTIETH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Tolan with respect to Copyrighted Work No. 7)

391. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

392. Tolan knew of CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

393. Tolan induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

394. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Tolan is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

395. Tolan has profited as a result of Petersen's acts as alleged herein, and Tolan is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

396. Proctor has been required to retain an attorney to prosecute this action, and Tolan is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

397. Proctor has incurred costs of suit in connection with bringing this action, and Tolan is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTY-FIRST CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Leisure with respect to Copyrighted Work No. 7)

398. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

399. Leisure knew of CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

400. Leisure induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

401. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Leisure is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

402. Leisure has profited as a result of Leisure's acts as alleged herein, and Leisure is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

403. Proctor has been required to retain an attorney to prosecute this action, and Leisure is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

404. Proctor has incurred costs of suit in connection with bringing this action, and Leisure is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### FORTY-SECOND CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against CPC with respect to Copyrighted Work No. 7)

405. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

406. CPC knew of CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

407. CPC induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 7 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

408. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPC is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

409. CPC has profited as a result of CPC's acts as alleged herein, and CPC is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

410. Proctor has been required to retain an attorney to prosecute this action, and CPC is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

411.   Proctor has incurred costs of suit in connection with bringing this action, and CPC is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**FORTY-THIRD CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

(against CPF with respect to Copyrighted Work No. 8)

412.   Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

413.   Proctor holds the exclusive right to reproduce the Copyrighted Work No. 8, pursuant to 17 U.S.C. § 106(1).

414.   CPF reproduced the Copyrighted Work No. 8 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(1).

415.   CPF displayed the Copyrighted Work No. 8 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(5).

416.   Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such damages pursuant to 17 U.S.C. § 504(a)(1).

417.   CPF has profited as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such profits pursuant to 17 U.S.C. § 504(a)(1).

418.   Proctor has been required to retain an attorney to prosecute this action, and CPF is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

419.   Proctor has incurred costs of suit in connection with bringing this action, and CPF is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**FORTY-FOURTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Petersen with respect to Copyrighted Work No. 8)

420.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

421.   Petersen knew of CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

422. Petersen induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

423. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Petersen is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

424. Petersen has profited as a result of Petersen's acts as alleged herein, and Petersen is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

425. Proctor has been required to retain an attorney to prosecute this action, and Petersen is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

426. Proctor has incurred costs of suit in connection with bringing this action, and Petersen is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**FORTY-FIFTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against Robertson with respect to Copyrighted Work No. 8)

427. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

428. Robertson knew of CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

429. Robertson induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

430. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Robertson is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

431. Robertson has profited as a result of Robertson's acts as alleged herein, and Robertson is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

432. Proctor has been required to retain an attorney to prosecute this action, and Robertson is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

433.    Proctor has incurred costs of suit in connection with bringing this action, and Robertson is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTY-SIXTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Tolan with respect to Copyrighted Work No. 8)

434.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

435.    Tolan knew of CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

436.    Tolan induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

437.    Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Tolan is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

438.    Tolan has profited as a result of Petersen's acts as alleged herein, and Tolan is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

439.    Proctor has been required to retain an attorney to prosecute this action, and Tolan is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

440.    Proctor has incurred costs of suit in connection with bringing this action, and Tolan is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FORTY-SEVENTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Leisure with respect to Copyrighted Work No. 8)

441.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

442.    Leisure knew of CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

443. Leisure induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

444. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Leisure is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

445. Leisure has profited as a result of Leisure's acts as alleged herein, and Leisure is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

446. Proctor has been required to retain an attorney to prosecute this action, and Leisure is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

447. Proctor has incurred costs of suit in connection with bringing this action, and Leisure is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

**FORTY-EIGHTH CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

(against CPC with respect to Copyrighted Work No. 8)

448. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

449. CPC knew of CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

450. CPC induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 8 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

451. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPC is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

452. CPC has profited as a result of CPC's acts as alleged herein, and CPC is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

453. Proctor has been required to retain an attorney to prosecute this action, and CPC is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

454. Proctor has incurred costs of suit in connection with bringing this action, and CPC is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### FORTY-NINTH CAUSE OF ACTION

### DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

(against CPF with respect to Copyrighted Work No. 9)

455. Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

456. Proctor holds the exclusive right to reproduce the Copyrighted Work No. 9, pursuant to 17 U.S.C. § 106(1).

457. CPF reproduced the Copyrighted Work No. 9 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(1).

458. CPF displayed the Copyrighted Work No. 9 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106(5).

459. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such damages pursuant to 17 U.S.C. § 504(a)(1).

460. CPF has profited as a result of CPF's acts as alleged herein, and CPF is liable to Plaintiffs for such profits pursuant to 17 U.S.C. § 504(a)(1).

461. Proctor has been required to retain an attorney to prosecute this action, and CPF is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

462. Proctor has incurred costs of suit in connection with bringing this action, and CPF is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### FIFTIETH CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Petersen with respect to Copyrighted Work No. 9)

463. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

464. Petersen knew of CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

465.   Petersen induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

466.   Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Petersen is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

467.   Petersen has profited as a result of Petersen's acts as alleged herein, and Petersen is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

468.   Proctor has been required to retain an attorney to prosecute this action, and Petersen is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

469.   Proctor has incurred costs of suit in connection with bringing this action, and Petersen is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

### FIFTY-FIRST CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Robertson with respect to Copyrighted Work No. 9)

470.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

471.   Robertson knew of CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

472.   Robertson induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

473.   Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Robertson is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

474.   Robertson has profited as a result of Robertson's acts as alleged herein, and Robertson is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

475.   Proctor has been required to retain an attorney to prosecute this action, and Robertson is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

476. Proctor has incurred costs of suit in connection with bringing this action, and Robertson is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTY-SECOND CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Tolan with respect to Copyrighted Work No. 9)

477. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

478. Tolan knew of CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

479. Tolan induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

480. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Tolan is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

481. Tolan has profited as a result of Petersen's acts as alleged herein, and Tolan is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

482. Proctor has been required to retain an attorney to prosecute this action, and Tolan is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

483. Proctor has incurred costs of suit in connection with bringing this action, and Tolan is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTY-THIRD CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against Leisure with respect to Copyrighted Work No. 9)

484. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

485. Leisure knew of CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

486. Leisure induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

487. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and Leisure is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

488. Leisure has profited as a result of Leisure's acts as alleged herein, and Leisure is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

489. Proctor has been required to retain an attorney to prosecute this action, and Leisure is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

490. Proctor has incurred costs of suit in connection with bringing this action, and Leisure is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTY-FOURTH CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

(against CPC with respect to Copyrighted Work No. 9)

491. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

492. CPC knew of CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Proctor's exclusive rights under 17 U.S.C. § 106.

493. CPC induced, caused, and materially contributed to CPF's reproduction and display of the Copyrighted Work No. 9 in derogation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

494. Proctor has sustained actual damages as a result of CPF's acts as alleged herein, and CPC is liable to Proctor for such damages pursuant to 17 U.S.C. § 504(a)(1).

495. CPC has profited as a result of CPC's acts as alleged herein, and CPC is liable to Proctor for such profits pursuant to 17 U.S.C. § 504(a)(1).

496. Proctor has been required to retain an attorney to prosecute this action, and CPC is liable to Proctor for Proctor's attorneys' fees pursuant to 17 U.S.C. § 505.

497. Proctor has incurred costs of suit in connection with bringing this action, and CPC is liable to Proctor for those costs of suit pursuant to 17 U.S.C. § 505.

## FIFTY-FIFTH CAUSE OF ACTION
## BREACH OF DUTY OF CARE

(against Petersen)

498. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

499. Petersen owed the SP Trust a duty of care in discharging Petersen's ultimate duties as the natural person discharging the job of manager of RH.

500. Petersen breached Petersen's duty of care by undervaluing the Purchase Price.

501. Petersen breached Petersen's duty of care by permitting the Acquisition to occur despite such Undervaluation.

502. Petersen breached Petersen's duty of care by allowing the Self-Dealing to occur.

503. SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of care in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

504. The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of care were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

## FIFTY-SIXTH CAUSE OF ACTION
## BREACH OF DUTY OF CARE

(against Robertson)

505. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

506. Robertson owed the SP Trust a duty of care in discharging Robertson's ultimate duties as the natural person discharging the job of manager of RH.

507.     Robertson breached Robertson's duty of care by undervaluing the Purchase Price.

508.     Robertson breached Robertson's duty of care by permitting the Acquisition to occur despite the Undervaluation.

509.     Robertson breached Robertson's duty of care by allowing the Self-Dealing to occur.

510.     SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of care in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

511.     The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of care were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

## FIFTY-SEVENTH CAUSE OF ACTION

## BREACH OF DUTY OF CARE

(against NAM)

512.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

513.     NAM owed the SP Trust a duty of care in discharging NAM's ultimate duties as the natural person discharging the job of manager of RH.

514.     NAM breached NAM's duty of care by undervaluing the Purchase Price.

515.     NAM breached NAM's duty of care by permitting the Acquisition to occur despite the Undervaluation.

516.     NAM breached NAM's duty of care by allowing the Self-Dealing to occur.

517.     SP Trust has been damaged as a result of NAM's breaches of NAM's duty of care in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

518.    The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of care were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

**FIFTY-EIGHTH CAUSE OF ACTION**

**BREACH OF DUTY OF LOYALTY**

(against Petersen)

519.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

520.    Petersen owed the SP Trust a duty of loyalty in discharging Petersen's ultimate duties as the natural person discharging the job of manager of RH.

521.    Petersen breached Petersen's duty of loyalty by undervaluing the Purchase Price in a manner to effectuate the Acquisition facilitating the benefits to Petersen gained by the Self-Dealing.

522.    Petersen breached Petersen's duty of loyalty by allowing the Self-Dealing to occur.

523.    SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of loyalty in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

**FIFTY-NINTH CAUSE OF ACTION**

**BREACH OF DUTY OF LOYALTY**

(against Robertson)

524.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

525.    Robertson owed the SP Trust a duty of loyalty in discharging Robertson's ultimate duties as the natural person discharging the job of manager of RH.

526.    Robertson breached Robertson's duty of loyalty by undervaluing the Purchase Price in a manner to effectuate the Acquisition facilitating the benefits to Robertson gained by the Self-Dealing.

527. Robertson breached Robertson's duty of loyalty by allowing the Self-Dealing to occur.

528. SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of loyalty in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

## SIXTIETH CAUSE OF ACTION

## BREACH OF DUTY OF LOYALTY

(against NAM)

529. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

530. NAM owed the SP Trust a duty of loyalty in discharging NAM's duties in discharging the job of manager of RH.

531. NAM breached NAM's duty of loyalty by undervaluing the Purchase Price in a manner to effectuate the Acquisition facilitating the benefits to NAM gained by the Self-Dealing.

532. NAM breached NAM's duty of loyalty by allowing the Self-Dealing to occur.

533. SP Trust has been damaged as a result of NAM's breaches of NAM's duty of loyalty in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

## SIXTY-FIRST CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF DUTY OF CARE

(against CPF with respect to Petersen's Breach of Duty of Care)

534. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

535. CPF knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of care.

536. SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by CPF in an amount at least equal to the distribution to SP

Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

537.    The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by CPF were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

## SIXTY-SECOND CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF CARE

(against CPF with respect to Robertson's Breach of Duty of Care)

538.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

539.    CPF knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of care.

540.    SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by CPF in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

541.    The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by CPF were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

## SIXTY-THIRD CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF CARE

(against CPF with respect to NAM's Breach of Duty of Care)

542.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

543.    CPF knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of care.

544. SP Trust has been damaged as a result of NAM's breaches of NAM's duty of care as participated in and fostered by CPF in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

545. The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of care as participated in and fostered by CPF were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

## SIXTY-FOURTH CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

(against CPF with respect to Petersen's Breach of Duty of Loyalty)

546. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

547. CPF knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of loyalty.

548. SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by CPF in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

549. The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by CPF were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

## SIXTY-FIFTH CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

(against CPF with respect to Robertson's Breach of Duty of Loyalty)

550.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

551.   CPF knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of loyalty.

552.   SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by CPF in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

553.   The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by CPF were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

## SIXTY-SIXTH CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

(against CPF with respect to NAM's Breach of Duty of Loyalty)

554.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

555.   CPF knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of loyalty.

556.   SP Trust has been damaged as a result of NAM's breaches of NAM's duty of care as participated in and fostered by CPF in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

557.   The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of care as participated in and fostered by CPF were proximately caused by NAM's breaches

of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

### SIXTY-SEVENTH CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF CARE

(against Tolan with respect to Petersen's Breach of Duty of Care)

558. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

559. Tolan knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of care.

560. SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by Tolan in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

561. The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by Tolan were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

### SIXTY-EIGHTH CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF CARE

(against Tolan with respect to Robertson's Breach of Duty of Care)

562. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

563. Tolan knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of care.

564. SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by Tolan in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

565. The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by Tolan were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

## SIXTY-NINTH CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF CARE

(against Tolan with respect to NAM's Breach of Duty of Care)

566. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

567. Tolan knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of care.

568. SP Trust has been damaged as a result of NAM's breaches of NAM's duty of care as participated in and fostered by Tolan in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

569. The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of care as participated in and fostered by Tolan were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

## SEVENTIETH CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

(against Tolan with respect to Petersen's Breach of Duty of Loyalty)

570. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

571. Tolan knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of loyalty.

572. SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of loyalty as participated in and fostered by Tolan in an amount at least equal to the distribution

to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

573.  The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of loyalty as participated in and fostered by Tolan were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

## SEVENTY-FIRST CAUSE OF ACTION
## AIDING AND ABETTING BREACH OF DUTY OF LOYALTY
(against Tolan with respect to Robertson's Breach of Duty of Loyalty)

574.  Plaintiffs incorporate, repeat and reallege every allegation set forth above.

575.  Tolan knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of loyalty.

576.  SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of loyalty as participated in and fostered by Tolan in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

577.  The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of loyalty as participated in and fostered by Tolan were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

## SEVENTY-SECOND CAUSE OF ACTION
## AIDING AND ABETTING BREACH OF DUTY OF LOYALTY
(against Tolan with respect to NAM's Breach of Duty of Loyalty)

578.  Plaintiffs incorporate, repeat and reallege every allegation set forth above.

579.  Tolan knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of loyalty.

580.   SP Trust has been damaged as a result of NAM's breaches of NAM's duty of loyalty as participated in and fostered by Tolan in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

581.   The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of loyalty as participated in and fostered by Tolan were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

## SEVENTY-THIRD CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF CARE

(against Leisure with respect to Petersen's Breach of Duty of Care)

582.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

583.   Leisure knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of care.

584.   SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by Leisure in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

585.   The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by Leisure were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

## SEVENTY-FOURTH CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF CARE

(against Leisure with respect to Robertson's Breach of Duty of Care)

586.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

587. Leisure knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of care.

588. SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by Leisure in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

589. The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by Leisure were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

**SEVENTY-FIFTH CAUSE OF ACTION**

**AIDING AND ABETTING BREACH OF DUTY OF CARE**

(against Leisure with respect to NAM's Breach of Duty of Care)

590. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

591. Leisure knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of care.

592. SP Trust has been damaged as a result of NAM's breaches of NAM's duty of care as participated in and fostered by Leisure in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

593. The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of care as participated in and fostered by Leisure were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

**SEVENTY-SIXTH CAUSE OF ACTION**

**AIDING AND ABETTING BREACH OF DUTY OF LOYALTY**

(against Leisure with respect to Petersen's Breach of Duty of Loyalty)

594. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

595. Leisure knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of loyalty.

596. SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of loyalty as participated in and fostered by Leisure in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

597. The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of loyalty as participated in and fostered by Leisure were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

**SEVENTY-SEVENTH CAUSE OF ACTION**

**AIDING AND ABETTING BREACH OF DUTY OF LOYALTY**

(against Leisure with respect to Robertson's Breach of Duty of Loyalty)

598. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

599. Leisure knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of loyalty.

600. SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of loyalty as participated in and fostered by Leisure in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

601. The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of loyalty as participated in and fostered by Leisure were proximately caused

by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

## SEVENTY-EIGHTH CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

(against Leisure with respect to NAM's Breach of Duty of Loyalty)

602.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

603.   Leisure knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of loyalty.

604.   SP Trust has been damaged as a result of NAM's breaches of NAM's duty of loyalty as participated in and fostered by Leisure in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

605.   The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of loyalty as participated in and fostered by Leisure were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

## SEVENTIETH-NINTH CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF DUTY OF CARE

(against PBL with respect to Petersen's Breach of Duty of Care)

606.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

607.   PBL knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of care.

608.   SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by PBL in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

609.     The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by PBL were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

### EIGHTIETH CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF CARE

(against PBL with respect to Robertson's Breach of Duty of Care)

610.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

611.     PBL knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of care.

612.     SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by PBL in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

613.     The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by PBL were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

### EIGHTY-FIRST CAUSE OF ACTION

### AIDING AND ABETTING BREACH OF DUTY OF CARE

(against PBL with respect to NAM's Breach of Duty of Care)

614.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

615.     PBL knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of care.

616.     SP Trust has been damaged as a result of NAM's breaches of NAM's duty of care as participated in and fostered by PBL in an amount at least equal to the distribution to SP

Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

617.     The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of care as participated in and fostered by PBL were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

## EIGHTY-SECOND CAUSE OF ACTION
### AIDING AND ABETTING BREACH OF DUTY OF LOYALTY
(against PBL with respect to Petersen's Breach of Duty of Loyalty)

618.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

619.     PBL knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of loyalty.

620.     SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of loyalty as participated in and fostered by PBL in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

621.     The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of loyalty as participated in and fostered by PBL were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

## EIGHTY-THIRD CAUSE OF ACTION
### AIDING AND ABETTING BREACH OF DUTY OF LOYALTY
(against PBL with respect to Robertson's Breach of Duty of Loyalty)

622.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

623.     PBL knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of loyalty.

624.    SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of loyalty as participated in and fostered by PBL in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

625.    The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of loyalty as participated in and fostered by PBL were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

## EIGHTY-FOURTH CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

(against PBL with respect to NAM's Breach of Duty of Loyalty)

626.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

627.    PBL knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of loyalty.

628.    SP Trust has been damaged as a result of NAM's breaches of NAM's duty of loyalty as participated in and fostered by PBL in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

629.    The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of loyalty as participated in and fostered by PBL were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

## EIGHTY-FIFTH CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF DUTY OF CARE

(against Mangum with respect to Petersen's Breach of Duty of Care)

630.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

631.     Mangum knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of care.

632.     SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by Mangum in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

633.     The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of care as participated in and fostered by Mangum were proximately caused by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

## EIGHTY-SIXTH CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF DUTY OF CARE

(against Mangum with respect to Robertson's Breach of Duty of Care)

634.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

635.     Mangum knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of care.

636.     SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by Mangum in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

637.     The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of care as participated in and fostered by Mangum were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

**EIGHTY-SEVENTH CAUSE OF ACTION**

**AIDING AND ABETTING BREACH OF DUTY OF CARE**

(against Mangum with respect to NAM's Breach of Duty of Care)

638.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

639.   Mangum knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of care.

640.   SP Trust has been damaged as a result of NAM's breaches of NAM's duty of care as participated in and fostered by Mangum in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

641.   The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of care as participated in and fostered by Mangum were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

**EIGHTY-EIGHTH CAUSE OF ACTION**

**AIDING AND ABETTING BREACH OF DUTY OF LOYALTY**

(against Mangum with respect to Petersen's Breach of Duty of Loyalty)

642.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

643.   Mangum knowingly participated in and fostered Petersen's breaches of Petersen's breaches of duty of loyalty.

644.   SP Trust has been damaged as a result of Petersen's breaches of Petersen's duty of loyalty as participated in and fostered by Mangum in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

645.   The damages sustained by SP Trust as a result of Petersen's breaches of Petersen's duty of loyalty as participated in and fostered by Mangum were proximately caused

by Petersen's breaches of Petersen's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Petersen's actions.

## EIGHTY-NINTH CAUSE OF ACTION
## AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

(against Mangum with respect to Robertson's Breach of Duty of Loyalty)

646.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

647.    Mangum knowingly participated in and fostered Robertson's breaches of Robertson's breaches of duty of loyalty.

648.    SP Trust has been damaged as a result of Robertson's breaches of Robertson's duty of loyalty as participated in and fostered by Mangum in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

649.    The damages sustained by SP Trust as a result of Robertson's breaches of Robertson's duty of loyalty as participated in and fostered by Mangum were proximately caused by Robertson's breaches of Robertson's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by Robertson's actions.

## NINETIETH CAUSE OF ACTION
## AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

(against Mangum with respect to NAM's Breach of Duty of Loyalty)

650.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

651.    Mangum knowingly participated in and fostered NAM's breaches of NAM's breaches of duty of loyalty.

652.    SP Trust has been damaged as a result of NAM's breaches of NAM's duty of loyalty as participated in and fostered by Mangum in an amount at least equal to the distribution to SP Trust that would have occurred as a result of the Acquisition or a future acquisition if the Purchase Price was at market value.

653. The damages sustained by SP Trust as a result of NAM's breaches of NAM's duty of loyalty as participated in and fostered by Mangum were proximately caused by NAM's breaches of NAM's duty of care as the Acquisition would not have occurred at the Purchase Price unless enabled by NAM's actions.

## NINETY-FIRST CAUSE OF ACTION
## BREACH OF DUTY OF CARE

(against Mangum)

654. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

655. Mangum breached Mangum's duty of care to the SP Trust in association with effectuating the Self-Dealing.

656. SP Trust has been damaged as a result of Mangum's breaches of duty of care.

657. The damages sustained by SP Trust as a result of Mangum's breaches of Mangum's duty of care were proximately caused by Mangum's breaches of Mangum's duty of care.

## NINETY-SECOND CAUSE OF ACTION
## BREACH OF DUTY OF LOYALTY

(against Mangum)

658. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

659. Mangum breached Mangum's duty of loyalty to the SP Trust in association with effectuating the Self-Dealing.

660. SP Trust has been damaged as a result of Mangum's breaches of duty of loyalty.

661. The damages sustained by SP Trust as a result of Mangum's breaches of Mangum's duty of loyalty were proximately caused by Mangum's breaches of Mangum's duty of loyalty.

## NINETY-THIRD CAUSE OF ACTION

## BREACH OF DUTY OF CARE

(against PBL)

662.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

663.   PBL breached PBL's duty of care to the SP Trust in association with effectuating the Self-Dealing.

664.   SP Trust has been damaged as a result of PBL's breaches of duty of care.

665.   The damages sustained by SP Trust as a result of PBL's breaches of PBL's duty of care were proximately caused by PBL's breaches of PBL's duty of care.

## NINETY-FOURTH CAUSE OF ACTION

## BREACH OF DUTY OF LOYALTY

(against PBL)

666.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

667.   PBL breached PBL's duty of loyalty to the SP Trust in association with effectuating the Self-Dealing.

668.   SP Trust has been damaged as a result of PBL's breaches of duty of loyalty.

669.   The damages sustained by SP Trust as a result of PBL's breaches of PBL's duty of loyalty were proximately caused by PBL's breaches of PBL's duty of loyalty.

## NINETY-FIFTH CAUSE OF ACTION

## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER

## NEVADA COMMON LAW

(against CPF)

670.   Plaintiffs incorporate, repeat, and reallege every allegation set forth above.

671.   Proctor has invested significant time, effort, and money in developing the assets that constitute the Recovery Commercial Property.

672.   The Recovery Commercial Property is of commercial value to Proctor.

673. The Recovery Commercial Property is of commercial value to recipients of the Plaintiff's Intangibles.

674. CPF's wrongful use of the Recovery Commercial Property was and is without any authorization from Proctor.

675. Proctor has sustained damages as a direct and proximate result of CPF's taking of the Recovery Commercial Property, and CPF is liable to Proctor for such damages.

## NINETY-SIXTH CAUSE OF ACTION

## CONVERSION UNDER

## NEVADA COMMON LAW

(against Petersen)

676. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

677. The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

678. Petersen's acts resulted in Petersen obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

679. Petersen intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Petersen.

680. The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition.

## NINETY-SEVENTH CAUSE OF ACTION

## CONVERSION UNDER

## NEVADA COMMON LAW

(against Robertson)

681. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

682.   The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

683.   Robertson's acts resulted in Robertson obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

684.   Robertson intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Robertson.

685.   The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition.

## NINETY-EIGHTH CAUSE OF ACTION

## AIDING AND ABETTING CONVERSION UNDER

## NEVADA COMMON LAW

(against CPF with respect to Robertson's conversion)

686.   Plaintiffs incorporate, repeat and reallege every allegation set forth above.

687.   The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

688.   Robertson's acts resulted in Robertson obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

689.   Robertson intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Robertson.

690.   CPF knew of Robertson's intention to structure the transactions that were part of the Acquisition to divert the net effective sale proceeds away from the SP Trust.

691.   CPF provided assistance and fully participated in the Acquisition in a manner that would enable the diversion of the rightful net effective sale proceeds to the SP Trust.

692.     The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition by virtue of the conversion aided and abetted by CPF.

## NINETY-NINTH CAUSE OF ACTION

### AIDING AND ABETTING CONVERSION UNDER

### NEVADA COMMON LAW

(against CPF with respect to Petersen's conversion)

693.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

694.     The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

695.     Petersen's acts resulted in Petersen obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

696.     Petersen intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Petersen.

697.     CPF knew of Petersen's intention to structure the transactions that were part of the Acquisition to divert the net effective sale proceeds away from the SP Trust.

698.     CPF provided assistance and fully participated in the Acquisition in a manner that would enable the diversion of the rightful net effective sale proceeds to the SP Trust.

699.     The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition by virtue of the conversion aided and abetted by CPF.

## ONE HUNDREDTH CAUSE OF ACTION

## AIDING AND ABETTING CONVERSION UNDER

## NEVADA COMMON LAW

(against Tolan with respect to Robertson's conversion)

700.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

701.    The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

702.    Robertson's acts resulted in Robertson obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

703.    Robertson intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Robertson.

704.    Tolan knew of Robertson's intention to structure the transactions that were part of the Acquisition to divert the net effective sale proceeds away from the SP Trust.

705.    Tolan provided assistance and fully participated in the Acquisition in a manner that would enable the diversion of the rightful net effective sale proceeds to the SP Trust.

706.    The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition by virtue of the conversion aided and abetted by Tolan.

## ONE HUNDRED AND FIRST CAUSE OF ACTION

## AIDING AND ABETTING CONVERSION UNDER

## NEVADA COMMON LAW

(against Tolan with respect to Petersen's conversion)

707.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

708.    The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

709.    Petersen's acts resulted in Petersen obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

710.    Petersen intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Petersen.

711.    Tolan knew of Petersen's intention to structure the transactions that were part of the Acquisition to divert the net effective sale proceeds away from the SP Trust.

712.    Tolan provided assistance and fully participated in the Acquisition in a manner that would enable the diversion of the rightful net effective sale proceeds to the SP Trust.

713.    The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition by virtue of the conversion aided and abetted by Tolan.

## ONE HUNDRED AND SECOND CAUSE OF ACTION

## AIDING AND ABETTING CONVERSION UNDER

## NEVADA COMMON LAW

(against Leisure with respect to Robertson's conversion)

714.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

715.    The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

716.    Robertson's acts resulted in Robertson obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

717.    Robertson intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Robertson.

718.    Leisure knew of Robertson's intention to structure the transactions that were part of the Acquisition to divert the net effective sale proceeds away from the SP Trust.

719. Leisure provided assistance and fully participated in the Acquisition in a manner that would enable the diversion of the rightful net effective sale proceeds to the SP Trust.

720. The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition by virtue of the conversion aided and abetted by Leisure.

## ONE HUNDRED AND THIRD CAUSE OF ACTION

## AIDING AND ABETTING CONVERSION UNDER

## NEVADA COMMON LAW

(against Leisure with respect to Petersen's conversion)

721. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

722. The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

723. Petersen's acts resulted in Petersen obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

724. Petersen intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Petersen.

725. Leisure knew of Petersen's intention to structure the transactions that were part of the Acquisition to divert the net effective sale proceeds away from the SP Trust.

726. Leisure provided assistance and fully participated in the Acquisition in a manner that would enable the diversion of the rightful net effective sale proceeds to the SP Trust.

727. The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition by virtue of the conversion aided and abetted by Leisure.

### ONE HUNDRED AND FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT UNDER

### NEVADA COMMON LAW

(against Petersen)

728.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

729.    Petersen benefited from the Self-Dealing.

730.    Petersen retained said benefits at the expense of Plaintiff.

731.    The benefit retained by Petersen in equity and good conscience belonged to SP Trust to the extent of the SP Trust's interests in the Sellers.

### ONE HUNDRED AND FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT UNDER

### NEVADA COMMON LAW

(against Robertson)

732.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

733.    Robertson benefited from the Self-Dealing.

734.    Robertson retained said benefits at the expense of Plaintiff.

735.    The benefit retained by Petersen in equity and good conscience belonged to SP Trust to the extent of the SP Trust's interests in the Sellers.

### ONE HUNDRED AND SIXTH CAUSE OF ACTION

### CONVERSION UNDER

### NEVADA COMMON LAW

(against Goldstream)

736.    Plaintiffs incorporate, repeat and reallege every allegation set forth above.

737.    The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

738.     Goldstream's acts resulted in Goldstream obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

739.     Goldstream intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Goldstream.

## ONE HUNDRED AND SEVENTH CAUSE OF ACTION
## AIDING AND ABETTING CONVERSION UNDER
## NEVADA COMMON LAW

(against CPF with respect to Goldstream's conversion)

740.     Plaintiffs incorporate, repeat and reallege every allegation set forth above.

741.     The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

742.     Goldstream's acts resulted in Goldstream obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

743.     Goldstream intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Goldstream.

744.     CPF knew of Goldstream's intention to structure the transactions that were part of the Acquisition to divert the net effective sale proceeds away from the SP Trust.

745.     CPF provided assistance and fully participated in the Acquisition in a manner that would enable the diversion of the rightful net effective sale proceeds to the SP Trust.

746.     The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition by virtue of the conversion aided and abetted by CPF.

## ONE HUNDRED AND EIGHTH CAUSE OF ACTION

## AIDING AND ABETTING CONVERSION UNDER

## NEVADA COMMON LAW

(against Tolan with respect to Goldstream's conversion)

747. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

748. The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

749. Goldstream's acts resulted in Goldstream obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

750. Goldstream intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Goldstream.

751. Tolan knew of Goldstream's intention to structure the transactions that were part of the Acquisition to divert the net effective sale proceeds away from the SP Trust.

752. Tolan provided assistance and fully participated in the Acquisition in a manner that would enable the diversion of the rightful net effective sale proceeds to the SP Trust.

753. The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition by virtue of the conversion aided and abetted by Tolan.

## ONE HUNDRED AND NINTH CAUSE OF ACTION

## AIDING AND ABETTING CONVERSION UNDER

## NEVADA COMMON LAW

(against Leisure with respect to Goldstream's conversion)

754. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

755. The SP Trust had a right to obtain from the Acquisition a distribution of sale proceeds that was equal to the SP Trust's interests in the Sellers.

756. Goldstream's acts resulted in Goldstream obtaining from the transactions that were part and parcel of the Acquisition (including, without limitation, the Self-Dealing) proceeds from those transactions that were rightfully payable to the SP Trust.

757. Goldstream intentionally structured the Acquisition transaction to cause the diversion of net effective sale proceeds away from the SP Trust to the benefit of Goldstream.

758. Leisure knew of Goldstream's intention to structure the transactions that were part of the Acquisition to divert the net effective sale proceeds away from the SP Trust.

759. Leisure provided assistance and fully participated in the Acquisition in a manner that would enable the diversion of the rightful net effective sale proceeds to the SP Trust.

760. The SP Trust was thus damaged in an amount that the SP Trust should have received as a result of an appropriate purchase price for the Acquisition by virtue of the conversion aided and abetted by Leisure.

## ONE HUNDRED AND TENTH CAUSE OF ACTION

## UNJUST ENRICHMENT UNDER

## NEVADA COMMON LAW

(against Goldstream)

761. Plaintiffs incorporate, repeat and reallege every allegation set forth above.

762. Goldstream benefited from the Self-Dealing.

763. Goldstream retained said benefits at the expense of Plaintiff.

764. The benefit retained by Goldstream in equity and good conscience belonged to SP Trust to the extent of the SP Trust's interests in the Sellers.

## PRAYER FOR RELIEF

Plaintiffs prays for judgment against as follows:

a. For preliminary and permanent injunctive relief against any further use, exploitation, display and/or distribution of any of the Proctor's Intellectual Property;

b.    For actual damages for the infringements of Proctor's Intellectual Property;

c.    For actual damages for the contributory infringements of Proctor's Intellectual Property;

d.    For actual damages for breaches of the Fiduciary Duties;

e.    For actual damages for the aiding and abetting of the breaches of the Fiduciary Duties;

f.    For actual damages for the breaches of the duty of care;

g.    For actual damages for the breaches of the duty of loyalty;

h.    For actual damages for the acts of conversion;

i.    For actual damages for the acts of aiding and abetting the acts of conversion;

j.    For relief in the manner of a payment associated with the amount of the unjust enrichment that benefited all Defendants that engaged in unjust enrichment;

k.    For attorneys' fees and costs of suit incurred herein; and

l.    For any other relief this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests trial by jury on all causes of action set forth in this Amended Complaint.

Respectfully submitted this 5th day of November, 2014.

GIBSON LEGRAND LLP

By   /s/ Steven A. Gibson

STEVEN A. GIBSON
Nevada Bar No. 6656
7495 West Azure Drive, Suite 5233
Las Vegas, Nevada 89130

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5 of this Court, I certify that I am an employee of Dickinson Wright PLLC and that on this 5th day of November, 2014, I caused a correct copy of the foregoing **FIRST AMENDED COMPLAINT** to be placed in the United States mail, with first-class postage prepaid thereon (with a courtesy copy sent via electronic mail) addressed as follows:

Lawrence W. Byrne, Esq.
lbyrne@pedersenhoupt.com
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois  60601-3242
Telephone:  (312) 261-2155
Facsimile:  (312) 261-1155
*Attorneys for Defendants*
*CPF Recovery Ways, LLC*
*Chicago Pacific Capital, LLC*
*Lawrence Leisure*
*Mary Tolan*

Dennis L. Kennedy, Esq.
dkennedy@baileykennedy.com
Joshua P. Gilmore, Esq.
jgilmore@baileykennedy.com
Mark Hesiak, Esq.
mhesiak@baileykennedy.com
BAILEY KENNEDY, LLP
8984 Spanish Ridge Avenue
Las Vegas, Nevada  89148-1302
Telephone: (702) 562-8820
Facsimile: (702) 562-8821
*Attorneys for Defendants*
*Parsons Behle & Latimer*
*Geoffrey Mangum*
*AND*
*Attorneys Specially Appearing for Defendants*
*Goldstream, LLC*
*North American Management, LLC*
*James R. Petersen*
*John Robertson*

/s/ Raisha Y. Gibson

An employee of GIBSON LEGRAND LLP