CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
cflynn@armstrongteasdale.com

Lawrence W. Byrne (*Pro Hac Vice To Be Submitted*)
Colin M. Seals (*Pro Hac Vice To Be Submitted*)
Pedersen & Houpt.
161 N. Clark Suite 2700
Chicago, IL 60601
Telephone: 312-261-2155
Facsimile: 312-261-1155
lbyrne@pedersenhoupt.com
cseals@pedersenhoupt.com

ATTORNEYS FOR DEFENDANTS
CPF RECOVERY WAYS, LLC
CHICAGO PACIFIC CAPITAL, LLC
GOLDSTREAM, LLC
LAWRENCE LEISURE and MARY TOLAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| HUGH S. PROCTOR, an individual and SP TRUST a Nevada Trust,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CPF RECOVERY WAYS, LLC, a Delaware limited liability company; CHICAGO PACIFIC CAPITAL, LLC, an entity with its principal place of business in Illinois; GOLDSTREAM, LLC, a Utah limited liability company; NORTH AMERICAN MANAGEMENT, LLC, a Utah limited liability company; PARSONS BEHLE & LATIMER, a Utah professional corporation; LAWRENCE LEISURE, an individual; GEOFFREY W. MANGUM, an individual; JAMES R. PETERSEN, an individual; JOHN ROBERTSON, an individual; and MARY TOLAN, an individual,<br><br>                    Defendants. | No.: 2:14-cv-1693-RFB-PAL<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** |

# DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants Chicago Pacific Capital, LLC ("CPC"), CPF Recovery Ways, LLC ("CPF"), Goldstream, LLC ("Goldstream"), Lawrence Leisure ("Leisure") and Mary Tolan ("Tolan") (collectively, "Defendants"), by and through their undersigned counsel, move to dismiss this case for lack of personal jurisdiction, or, in the alternative, to transfer this case to the United States District Court for the District of Utah, and in support thereof state as follows:

## RELEVANT FACTUAL BACKGROUND

On October 14, 2014, Plaintiffs Hugh S. Proctor ("Proctor") and SP Trust ("SP") filed a 122-count Complaint against the above-captioned defendants in the United States District Court for the District of Nevada.  After receiving a demand to withdraw the complaint pursuant to Federal Rule of Civil Procedure, Plaintiffs filed an Amended Complaint on November 5, 2014.  The First Amended Complaint ("Complaint") alleges federal copyright infringement as well as fiduciary duty and other common law claims arising from the sale of assets located in Utah, in which the Plaintiff Proctor, through Plaintiff SP, had an interest.  Other than Plaintiffs, all of the parties are located in Illinois, Utah or California.  (Cmplt, ¶¶ 2-39.)  As the Complaint makes clear, none of Defendants reside in, or are incorporated or registered in, the State of Nevada.  (Cmplt, *et seq.*)  The defendants that sold the assets, *i.e.*, the ones that allegedly infringed Plaintiff Proctor's copyrights and allegedly sold the assets in breach of their fiduciary duties to Plaintiffs, are Utah entities.  (*Id.*; Cmplt, Ex. 1 at 3.)  The business underlying the Complaint (and in which Plaintiffs allege a minority interest) -- a substance abuse treatment company -- operates facilities and programs in Utah.  All of its facilities are located in Utah at 5288 Allendale Drive, Salt Lake City, Utah 84123; 4883 Box Elder Street, Salt Lake City, Utah 84017; and 385 West 4800 South, Murray, Utah 84123.  (Cmplt, Ex. 1 at § 11(q).)

The Complaint further alleges that non-movant defendants Petersen and Robertson, with the advice and assistance of their counsel, defendant Parsons Behle Latimer, structured the "Asset Purchase Agreement" for substance abuse treatment centers in Utah to enrich themselves at Plaintiffs' expense, in violation of, *inter alia*, their fiduciary duties to Plaintiffs.  (Cmplt, ¶¶ 51-85.)  Petersen and Robertson are individuals with "principal residence in the State of Utah" (Cmplt, ¶¶ 23, 30.), and

Parsons Behle Latimer "is a professional corporation organized pursuant to the State of Utah." (Cmplt, ¶¶ 14.) Plaintiffs also claim that Defendants infringed copyrights on material that was located and used by the substance abuse treatment facilities, all of which were located in the State of Utah (*e.g.*, drafted material called "Residential Treatment Program Details"). (*See, e.g.,* Cmplt, ¶¶ 86-122.)

In light of Defendants' tenuous connection to the State of Nevada, counsel for Defendants asked counsel for Plaintiffs to withdraw the Complaint, rather than put the Court and parties through extended preliminary motion practice. Plaintiffs' counsel refused, and this motion followed.

## ARGUMENT

**I.   The Court Should Dismiss Plaintiffs' Action In Its Entirety For Lack Of Personal Jurisdiction.**

Under Federal Rule of Civil Procedure 12(b)(2), a court must dismiss an action in the absence of personal jurisdiction over the defendants. Fed. R. Civ. P. 12(b). Nevada's long-arm statute and federal due process guide jurisdictional decisions:

> Nevada's long-arm statute, NRS 14.065, reaches the limits of due process set by the United States Constitution. In order for a forum state to obtain personal jurisdiction over a nonresident defendant, the Due Process Clause of the Fourteenth Amendment requires that the defendant have minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Additionally, a forum state's exercise of jurisdiction over a defendant must be reasonable. There are two types of personal jurisdiction: general and specific.

*Baker v. Eighth Judicial Dist. Court*, 999 P.2d 1020, 1023 (Nev. 2000) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (other citations omitted). Because this Court lacks both general and specific personal jurisdiction over Defendants -- all of which are nonresidents with no material connection to Nevada -- it should dismiss Plaintiffs' claims in their entirety.

Further, the Plaintiff asserts that the basis of this court's jurisdiction is "pursuant to 28 U.S.C. § 1338 because the Federal Causes of [action] arise under the copyright laws of the United States" (Cmplt. At ¶41). Venue for purposes of a copyright action is to be brought where the Defendant resides or may be found. 28 U.S.C. § 1400(a).[1] This circuit interprets this provision to allow venue

---

[1] Plaintiff's counsel is likely aware of this as he was the former CEO of an entity known as

3

in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010) (emphasis added).

### A. The Court Lacks General Personal Jurisdiction Over Defendants.

To have general personal jurisdiction over a Defendant, a Nevada court must find that a nonresident's activities in Nevada are "substantial" and "continuous and systematic." *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 699 (Nev.1993). "The level of contact with the forum state necessary to establish general jurisdiction is high." *Budget Rent-A-Car v. Eighth Judicial Dist. Court*, 108 Nev. 483, 485 (Nev.1992) (refusing to find general jurisdiction over California defendant even though defendant rental car agency did business in the state and had a physical office). *See also Congoleum Corp. v. DLW Aktiengesell-schaft*, 729 F.2d 1240, 1242-43 (9th Cir. 1984) (a foreign corporation's sales and marketing efforts in California, including solicitation of orders, promotion of products to potential customers through the mail and through showroom displays, and attendance at trade shows and sales meetings, were insufficient to establish general jurisdiction in California); *Cubbage v. Merchent*, 744 F.2d 665, 667-69 (9th Cir. 1984) (California lacked general jurisdiction over Arizona doctors who had a significant number of patients in California, used a California medical insurance system, and had a telephone directory listing that reached California).

There is nothing "substantial," "continuous" or "systematic" about Defendants' contacts with the State of Nevada. Indeed, there are almost no "contacts" with Nevada at all, as highlighted by the Complaint. The only allegations of Defendants' connection to the state are that Defendants' alleged breaches of copyright and other laws caused injury to Plaintiffs located in Nevada, which, as explained below, are insufficient to establish even specific personal jurisdiction, much less general jurisdiction. The defendants in this case are non-Nevada residents or corporations who conducted their business -- the purchase, sale and/or operation of substance abuse treatment facilities -- in Utah (and to some extent, Illinois and Delaware, where two of the defendants are domiciled). The present facts fall far short of supporting general jurisdiction over these out-of-state defendants.

---

Righthaven, a copyright infringement firm that purchased copyrights with the intent of monetizing them through litigation.

**B.    The Court Lacks Specific Personal Jurisdiction Over Defendants.**

Absent general jurisdiction, the Ninth Circuit uses a three-prong test to determine if specific jurisdiction exists and complies with due process: "(1) the defendant must have purposely availed itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must arise out of [those activities in the forum]; and (3) the exercise of jurisdiction must be reasonable." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990). In attempting to establish Defendants' contacts with the state, Plaintiffs allege that Defendants "knew or should have known that [Plaintiffs] would experience damages [arising from their alleged breaches] in Nevada" and that Defendants "knew or had reason to know that such infringement and misappropriation would cause Proctor damage in Nevada." (*See, e.g.,* Cmplt, ¶¶ 46, 48.) In other words, the Court should exercise jurisdiction because Defendants' actions purportedly caused Plaintiffs to be injured in Nevada. The Ninth Circuit has made clear, however, that the Nevada long-arm statute does not extend to defendants who merely "caus[e] injury within the state [of Nevada]":

> The Nevada long-arm statute involved in the instant suit contains no such "causing of injury within the state" provision. Nev. Rev. Stat. § 14.065 **clearly contemplates that only causes of action "arising from" enumerated "acts" which took place "within" Nevada may be reached**. There is no indication that any "acts" material to A.G.'s two California loans took place in Nevada.

*Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 417 (9th Cir. 1977) (emphasis added) (quoting Nev. Rev. Stat. § 14.065). *See also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 507 F. Supp. 1128, 1140 (D. Nev.1980) (dismissing for lack of personal jurisdiction because "[t]here simply was no act within Nevada out of which [the claim] could have arisen"). Put another way, a court may find specific personal jurisdiction "only where the cause of action arises from the *defendant's contacts* with Nevada." *Budget Rent-A-Car*, 108 Nev. 483, 486 (Nev. 1992) (emphasis added).

As in *Wells Fargo* and *Wood*, there is no indication in the Complaint (indeed no factual basis at all) that Defendants "conduct[ed]" any "activities" in Nevada, or that Plaintiffs' claims arise out of "acts" "material" to Plaintiffs' allegations. Instead, as explained above, all of the defendants' alleged "acts," whether material to Plaintiffs' allegations or not, occurred in the State of Utah (or in limited instances, Illinois or Delaware). According to Plaintiffs, non-movant defendants Petersen and

5

Robertson, with the advice and assistance of their counsel, defendant Parsons Behle Latimer, structured the "Asset Purchase Agreement" for substance abuse treatment centers *in Utah* to enrich themselves at Plaintiffs' expense, in violation of, *inter alia*, their fiduciary duties to Plaintiffs. (Cmplt, ¶¶ 51-85.) Further, both Petersen and Robertson are individuals with "principal residence in the State of Utah" (Cmplt, ¶¶ 23, 30.), and Parsons Behle Latimer "is a professional corporation organized pursuant to the State of Utah." (Cmplt, ¶¶ 14.) Plaintiffs also claim that Defendants infringed copyrights on material that was located and used by the substance abuse treatment facilities, which are located in the State of Utah (*e.g.*, drafted material called "Residential Treatment Program Details"). (*See, e.g.,* Cmplt, ¶¶ 86-122.) There is simply nothing in the Complaint even to suggest that Defendants (or any of the other defendants) purposely conducted activities in Nevada or, more importantly, that Plaintiffs' claims arise out of those alleged activities. Accordingly, the Court should decline to find specific personal jurisdiction over Defendants.

**II.    If The Court Does Not Dismiss Plaintiffs' Action, It Should Transfer The Case To The District of Utah.**

A district court may transfer any civil case to any other district "where it might have been brought . . . for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Deciding a motion to transfer requires a two-part inquiry. First, the Court should determine if the case could have been brought in the transferee court. Second, the Court must weigh "convenience and fairness" factors, which are set forth in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), to determine the superior forum. Because the Asset Purchase Agreement was negotiated and executed almost entirely by parties in Utah, and because the substance abuse treatment facilities that allegedly misappropriated Plaintiffs' copyrights are located in Utah, the "interests of justice" favor transferring this case to the District of Utah.

**A.    The Complaint Could Have Been Brought In The State Of Utah.**

Before weighing the convenience and fairness factors favoring transfer to Utah, the Court should determine if Plaintiffs could have brought this action in Utah in the first place. "Transfer is appropriate when venue is proper and personal jurisdiction exists over the defendant in the transferee jurisdiction." *Editorial Planeta Mexicana, S.A. de C.V. v. Argov*, 2012 U.S. Dist. LEXIS 102029, at

6

*7 (D. Nev. July 23, 2012) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)).  For venue to be proper, a civil action must be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391 (b)(2).  As explained in further detail in Section II, there is no question Plaintiffs could have (and should have) brought this action in Utah.

    1. <u>The Appropriate Venue For Copyright Infringement Claims Is The District In Which The Defendant Resides</u>

  The Plaintiff asserts that the basis of this court's jurisdiction is "pursuant to 28 U.S.C. § 1338 because the Federal Causes of [action] arise under the copyright laws of the United States" (Cmplt, ¶ 41).  Because of a lack of personal jurisdiction, however, the Court also has grounds to dismiss Plaintiffs' copyright claims based upon improper venue.  "In copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found."  28 U.S.C. § 1400(a).  "This circuit interprets this provision to allow venue in any judicial district where, if treated as a separate state, the **defendant** would be subject to personal jurisdiction." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010) (emphasis added).  As explained above, the Court does not have personal jurisdiction over Defendants.

  If the Court dismisses the copyright claims for improper venue, it should decline Plaintiffs' request to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  (Cmplt, ¶ 42.)  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) . . . the district court dismissed all claims over which it had original jurisdiction[.]").

    2. <u>A Utah Court Would Have Jurisdiction Over All Defendants</u>.

  The U.S. District Court for the District of Utah would have personal jurisdiction over the defendants.  Three of the five individual defendants are residents of the State of Utah.  (Cmplt, ¶¶ 22-23, 30.)  Three of the five corporate defendants are organized under the laws of the State of Utah.  (Cmplt, ¶¶ 6, 11, 14.)  As explained below, the business giving rise to the relationships and conflicts alleged in the Complaint is located in Utah.  Utah's jurisdiction over these defendants is clear.

/ / /

The four non-Utah defendants -- CPF Recovery Ways, LLC ("CPF"), CPC (the movant), Lawrence Leisure ("Leisure") and Mary Tolan ("Tolan") -- have "sufficient minimum" contacts with the state such that a Utah court could exercise specific personal jurisdiction. *Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1110 (Utah 1985) ("Due process requires that before a court can exercise specific personal jurisdiction over a nonresident defendant, the defendant must have had minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'").  A defendant must have sufficient minimum contacts to be subject to Section 78-27-24(1) of Utah's long-arm statute:

> Any person . . . whether or not a citizen or resident of this state, who in person or through an agent does any of the following enumerated acts, submits himself, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising from:
>
> (1) The transaction of any business within this state;
>
> (2) contracting to supply services or goods in this state;
>
> (3) the causing of any injury within this state whether tortious or by breach of warranty;
>
> (4) the ownership, use or possession of any real estate situated in this state[.]

"Transaction of business within this state" is defined in section 78-27-23(2) as "[the] activities of a nonresident person, his agents, or representatives in this state which affect persons or businesses within the State of Utah."  As the Complaint and attached exhibits make clear, all Defendants engaged in the purchase and/or sale of "substance abuse in patient facilities" located in Utah, *i.e.*, "activities . . . which affect persons or business within the State of Utah."[2]  This plainly fits the definition of "transaction of business within this state" for Utah and not Nevada.  Moreover, because the claims involve the "possession of real estate" (the Brunswick property) and the "supply [of] services" (substance abuse treatment) within the State of Utah, they fit other grounds for long-arm jurisdiction also.

/ / /

---

[2]   The facilities are located at these addresses:  5288 Allendale Drive, Salt Lake City, Utah 84123; 4883 Box Elder Street, Salt Lake City, Utah 84017; and 385 West 4800 South, Murray, Utah 84123.  (Cmplt, Ex. 1 at § 11(q).)

8

3. <u>Venue Would Be Proper In Utah Under Section 1404(a)</u>.

In addition to proper jurisdiction and proper venue under the Copyright Act, venue would be generally appropriate in Utah because a substantial part of the events giving rise to the claims occurred in that state. *See* 28 U.S.C. § 1404(a). As set forth above, the Complaint alleges that Defendants Petersen and Robertson, with the advice and assistance of their counsel, Defendant Parsons Behle Latimer, structured the "Asset Purchase Agreement" for substance abuse treatment centers in Utah to enrich themselves at Plaintiffs' expense, in violation of, *inter alia*, their fiduciary duties to Plaintiffs. (Cmplt, ¶¶ 51-85.) Plaintiffs also claim that Defendants infringed copyrights on material that was located and used by the substance abuse treatment facilities, which were primarily located in the State of Utah (*e.g.*, drafted material called "Residential Treatment Program Details"). (*See, e.g.,* Cmplt, ¶¶ 86-118.) Further, both Petersen and Robertson are individuals with "principal residence in the State of Utah" (Cmplt, ¶¶ 23, 30.), and Parsons Behle Latimer "is a professional corporation organized pursuant to the State of Utah." (Cmplt, ¶¶ 14.) Because a "substantial part" (indeed the vast majority) of events occurred in the State of Utah, venue in the District of Utah would be proper under 28 U.S.C. §1404(a).

**B.   The *Jones* "Convenience and Fairness" Factors Favor Transfer To Utah.**

After determining that jurisdiction and venue would be proper in the transferee forum, the Court must decide if the "interests of justice" encourage transfer. "Multiple convenience and fairness factors may be weighed to determine whether transfer would be 'in the interests of justice' as required by Section 1404(a), including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of the litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Editorial Planeta Mexicana, S.A. de C.V. v. Argov*, 2012 U.S. Dist. LEXIS 102029, at *7 (D. Nev. July 23, 2012) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000)). Notably, the *only* factor favoring venue in Nevada is Plaintiffs' choice to sue there -- but, as explained below, the Court should give little deference to that choice. Each of the remaining factors strongly favors venue

in the District of Utah, where the Asset Purchase Agreement was negotiated, where the majority of Defendants are located and where the majority of the assets at issue, including the substance abuse treatment business itself, are located.

### 1. The Asset Purchase Agreement Was Negotiated And Executed In Utah.

"Because the relevant agreements were negotiated . . . by parties situated in [the transferee forum], this consideration weighs in favor of transfer." *Argov*, 2012 U.S. Dist. LEXIS 102029, at *11. According to Plaintiffs, Defendants Petersen and Robertson "were the natural persons who controlled (either directly or indirectly) the Sellers at all relevant times" during the negotiation and execution of the Asset Purchase Agreement. (Cmplt, ¶ 52.) Petersen and Robertson are Utah residents who worked with Utah attorneys -- Defendants Parsons Behle & Latimer -- during the negotiation process of the Asset Purchase Agreement. (Cmplt, ¶ 80.)[3] It is evident from the Complaint that the key agreement in this case was negotiated and executed almost exclusively in the State of Utah.

### 2. A Court Will Likely Apply Delaware Or Utah Law To Plaintiffs' Common Law Claims.

The second factor is familiarity with the governing law. Plaintiffs maintain that Nevada law will govern its non-federal claims (*e.g.*, "breach of loyalty," "conversion"), which means a Nevada court would be most familiar with the governing law. Plaintiff's choice-of-law assertion is incorrect. First, a court might interpret the Asset Purchase Agreement's choice-of-law provision ("this Agreement and the rights of the Parties shall be governed and construed in accordance with the laws of the State of Delaware") to mean that Delaware law governs Plaintiffs' tort claims, which clearly arise from or are related to the Agreement. *See also Pinnacle Fitness & Rec. Mgmt., LLC v. Jerry & Vickie Moyes Family Trust*, 844 F. Supp. 2d 1078, 1097 (S.D. Cal.2012) ("[A] valid choice-of-law clause, which provides that a specified body of law "governs" the "agreement" between the parties, encompasses all causes of action arising from or related to that agreement, regardless of how they are characterized, including tortious breaches of duties emanating from the agreement or the legal

---

3   It is also clear that no negotiation of the Asset Purchase Agreement occurred in Nevada.

relationships it creates.")  Because Plaintiffs' non-federal claims "arise from or relate to" the Asset Purchase Agreement (*i.e.*, Plaintiffs argue it was structured to injure them), a Nevada court would likely apply the Delaware choice-of-law provision.  Neither Nevada nor Utah is better at applying Delaware law.

      Second, Nevada choice-of-law rules strongly suggest that if this Court declined to apply Delaware law, it would apply Utah law instead.  *Rio Props. v. Stewart Annoyances, Ltd.*, 2006 U.S. Dist. LEXIS 64670, at *15 (D. Nev. Sept. 8, 2006) ("A federal court sitting in diversity jurisdiction applies the forum state's choice-of-law rules.").  "Nevada's choice-of-law jurisprudence in tort actions is governed by the most significant relationship test, as provided by the Restatement (Second) of Conflict of Laws § 145[.]"  *Kawamura v. Boyd Gaming Corp.*, 2014 U.S. Dist. LEXIS 17727, at *12 (D. Nev. Feb. 12, 2014).  The Second Restatement provides that:

> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restat. 2d of Conflict of Laws, § 145.  All of these factors favor applying Utah law.  The injury from the alleged breaches of fiduciary duty and conversion clearly occurred in Utah -- it was Plaintiffs' interest in these Utah companies that was allegedly "converted" by Defendants' actions (which Plaintiffs alleged also amounted to a breach of fiduciary duty).  The alleged "conduct" was the purchase and sale of assets *located in Utah* by *six Utah defendants* (including two, Peterson and Roberston, who Plaintiffs claim "controlled" the transaction) and *no Nevada defendants*.  This also speaks to subsection (d) of Restatement Section 145 -- six of the ten defendants are Utah residents or companies, and none of the defendants hail from or have any connection to Nevada.  This case's sole connection to Nevada is because one Plaintiff is a resident of Nevada and the other is a Nevada trust.

Finally, the parties' "relationship" is clearly "centered" in Utah.  It can be inferred from the Complaint that SP Trust was a "minority owner" of the assets subject to the Asset Purchase Agreement.[4]  Those assets were located entirely in Utah and operated by the substance abuse treatment businesses with Utah locations.  Moreover, Plaintiffs' alleged copyrighted material was also located in Utah, used by the substance abuse treatment businesses in the treatment of patients.  There is no doubt that the parties' relationship was "centered" in the State of Utah.

By applying its choice-of-law rules to Plaintiffs' non-federal claims, a federal Nevada court sitting in diversity would likely select Utah law as the governing law based on Utah's far more significant relationship with the facts of this case.  *See Lucarelli v. DVA Renal Healthcare, Inc.*, 2008 U.S. Dist. LEXIS 6310, at *12 (D. Nev. Jan. 10, 2008) (granting motion to transfer to Southern District of Ohio because "Ohio also has the most significant relationship to this case, and consequently, Ohio tort law applies").  Utah courts are best suited to apply Utah law.

        3.       <u>Plaintiffs' Choice Of Forum Should Be Given Little Or No Deference Because It Is The *Sole* Connection Between This Case And The State Of Nevada</u>.

"Deference [to a plaintiff's choice of forum] is substantially reduced . . . where the forum lacks a significant connection to the activities alleged in the complaint." *Argov*, 2012 U.S. Dist. LEXIS 102029, at *12. *See also Lucarelli*, 2008 U.S. Dist. LEXIS 6310, at *12 ("While Plaintiffs chose to file this suit in Nevada, the 'operative facts' of the case did not occur in Nevada, and so Plaintiffs' preference is entitled to only minimal consideration.").  As explained already, the "operative facts" of this action occurred almost entirely in Utah.  The only connection to Nevada is Plaintiffs' place of residency.  All Defendants are non-Nevada individuals or entities, six Defendants are Utah residents or companies, the key agreement was negotiated and executed in Utah, and the alleged conduct occurred in Utah.  The substance abuse treatment centers around which these claims revolve are in Utah.  The law is clear that venue cannot rest solely upon the Plaintiffs' choice, especially in the face of such an overwhelming connection to another state.

/ / /

/ / /

---

[4]    Curiously this is never expressly alleged in the Complaint.

      4.    <u>It Will Be Cheaper To Litigate This Case In Utah Because Most Of The Defendants Are Located There And Utah Has Greater Access To Sources Of Proof.</u>

Another factor is the difference in costs of litigation between the two forums. Six of the ten defendants are Utah based, and several other companies mentioned in the Complaint are Utah companies. (*See, e.g.,* Cmplt, ¶¶ 4-37.) Moreover, Plaintiff Hugh S. Proctor is the only party out of eleven located in Nevada. As the negotiating attorneys, most of the defendants and the physical assets of the substance abuse treatment business are situated in Utah, potential sources of discovery as to all of Plaintiffs' claims are more likely to be in Utah. Conversely there will be no discovery required in Nevada, other than perhaps Mr. Proctor's deposition and documents under his control. As this Court found in another case, "situating this case in Nevada would cause needless time and discovery costs for both parties as well as potential witnesses." *Argov*, 2012 U.S. Dist. LEXIS 102029, at *16.

      5.    <u>Unwilling Non-Party Witnesses Are More Likely To Reside In Utah Than Nevada</u>.

A final *Jones* factor considers the availability of compulsory process to compel attendance of unwilling non-party witnesses. Because the "operative facts" of this case occurred in Utah, any unwilling non-party witnesses are more likely to live there than Nevada. A Nevada court would have no ability, however, to compel the presence of a non-party living more than 100 miles away, which would include most if not all Utah-based witnesses. By contrast, a Utah court would have a stronger ability to compel non-party witnesses to answer subpoenas pursuant to Fed. R. Civ. P. 45(c). This is yet another reason this Court should transfer this action to the District of Utah.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

Because this Court lacks personal jurisdiction over Defendants and because venue for the copyright claims is only proper in Utah pursuant to 28 U.S.C §1400(a), Defendants respectfully requests that this Court dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, transfer venue to the District of Utah.

DATED November 13, 2014.                   ARMSTRONG TEASDALE LLP


By: /s/ *Conor P. Flynn*
    Conor P. Flynn, Esq.
    Nevada Bar No. 11569
    3770 Howard Hughes Parkway, Suite 200
    Las Vegas, Nevada 89169

    and

    Lawrence W. Byrne, Esq. (Pro Hac Vice To Be Submitted)
    Colin Seals, Esq. (Pro Hac Vice To Be Submitted)
    Pedersen & Houpt
    161 N. Clark, Suite 2700
    Chicago, IL 60601

    ATTORNEYS FOR DEFENDANTS CPF RECOVERY WAYS, LLC, CHICAGO PACIFIC CAPITAL, LLC, GOLDSTREAM, LLC, LAWRENCE LEISURE, MARY TOLAN

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of November, 2014, the foregoing DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE served on the party(ies) ☒ via electronic service pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures and/or ☐ by mailing a copy thereof, first class mail, postage prepaid, to:

STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
Gibson LeGrand LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Telephone 702.541.7888
Facsimile 702.541.7899
sgibson@gibsonlegrand.com

/s/ *Sheila A. Darling*
An Employee of Armstrong Teasdale LLP

15