CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
cflynn@armstrongteasdale.com

Lawrence W. Byrne (*Pro Hac Vice*)
Colin M. Seals (*Pro Hac Vice Pending*)
Pedersen & Houpt.
161 N. Clark Suite 2700
Chicago, IL 60601
Telephone: 312-261-2155
Facsimile: 312-261-1155
lbyrne@pedersenhoupt.com
cseals@pedersenhoupt.com

ATTORNEYS FOR DEFENDANTS
CPF RECOVERY WAYS, LLC
CHICAGO PACIFIC CAPITAL, LLC
LAWRENCE LEISURE
MARY TOLAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| HUGH S. PROCTOR, an individual and SP TRUST a Nevada Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>CPF RECOVERY WAYS, LLC a Delaware limited liability company, et al.,<br><br>Defendants. | No.: 2:14-CV-1693-RFB-PAL<br><br>**REPLY TO THE PLAINTIFFS' OPPOSITION TO DEFENDANTS' CPF RECOVERY WAYS, LLC, CHICAGO PACIFIC CAPITAL, LLC, LAWRENCE LEISURE AND MARY TOLAN'S MOTION TO STRIKE THE DECLARATION OF HUGH S. PROCTOR [DOCKET #43]** |

Defendants Chicago Pacific Capital, LLC ("CPC"), CPF Recovery Ways, LLC ("CPF"), Lawrence Leisure ("Leisure") and Mary Tolan ("Tolan") (collectively, "the Chicago Defendants"), by and through their undersigned counsel file this Reply to the Plaintiffs' Opposition to the Chicago Defendants' Motion to Strike and Dismiss the Declaration of Hugh S. Proctor [Docket # 43] ("Proctor") for failure to conform with the Federal Rules of Evidence, and in support thereof state as follows:

1

**Introduction**

Plaintiffs set up numerous straw man arguments in order to distract this Court from addressing the deficiencies in the Proctor Declaration. The issues raised by the Chicago Defendants are straightforward. Specifically, the Chicago Defendants assert either that the declarations made by Proctor in his declaration are (1) not based upon his personal knowledge, or 2) improper under the Federal Rules of Evidence. The majority of the objections fall into the former category.

**The Cases Relied Upon By Plaintiffs Are Narrow Evidentiary Rulings And Do Not Support Plaintiffs Argument**

In opposition to the Motion, Plaintiffs cite narrow decisions addressing declarations before other trial courts, which make evidentiary rulings on a case by case basis. They do not stand for the proposition that the Court should consider the argumentative and/or speculative statements in the Proctor Declaration. Even if the Court were inclined to rely upon these cases, the facts are inapposite to this case.

For example, in *Dayton v. Sears Roebuck and Co.* 2014 U.S. Dist. LEXIS 157211 (E.D. Ca. 2014), the court reviewed the declaration and found that the declarant was making statements based upon her own personal knowledge. The court started its analysis as to whether the declarant had personal knowledge of the declarations noting that "Personal knowledge is required for all testimony under Fed. R. Civ. Pro. 56(c)(4)". *Dayton v. Sears Roebuck & Co.*, 2014 U.S. Dist. LEXIS 157211, 16 (E.D. Cal. Nov. 5, 2014). One of the declarations involved the recruiter and screener for the defendant's human resources department, and the court found she was capable of testifying regarding her knowledge of the processes she employed. Another by the treating physician was allowed as he had knowledge of his diagnosis. The plaintiff's declaration attested to personal knowledge of her own physical pain. This is to be contrasted, for example, with Mr. Proctor speculating as to what type of due diligence the Chicago Defendants should be expected to do in acquiring assets located in Utah.

Likewise, in *PG&E v. Lynch*, 216 F. Supp. 2d 1016, 1026 (N.D. Cal. 2002), the court went into considerable detail pointing out why the declaration should be given little or no weight. The court explained that "[the] declaration is . . . argumentative and not very helpful on the issues the

court must decide. … Furthermore, [it] advances legal conclusions as assertions of fact." *PG&E v. Lynch*, 216 F. Supp. 2d 1016, 1026 (N.D. Cal. 2002). Further, the *PG&E* court did not rule that motions to strike declarations were improper, specifically ruling that "Because this declaration primarily contains legal argument rather than evidentiary matter, PG&E's motion to strike Bradford's declaration (Doc # 167) is GRANTED. *PG&E v. Lynch*, 216 F. Supp. 2d 1016, 1027 (N.D. Cal. 2002) (emphasis in original).

As set out in the motion to strike (*and* the cases Plaintiffs cite), there is an abundance of case law that permits this court to either strike the Proctor Declaration or give it little to no weight. A declaration in support of personal jurisdiction is no different; it will be struck if the declarant lacks personal knowledge of the declaration's contents. *See, e.g., Perkumpulan Investor Crisis Center Dressel - WBG v. Wong*, 2012 U.S. Dist. LEXIS 129227, at *13 (W.D. Wash. Sept. 3, 2012). A declaration will also be struck or simply not considered to the extent it is based on "argument and allegations." *Bach v. Teton County*, 2004 U.S. Dist. LEXIS 23203, at *10 (D. Idaho Oct. 21, 2004). *See also McElmurry v. US Bank Nat'l Ass'n*, 2005 U.S. Dist. LEXIS 45199, at *9-10 (D. Or. Dec. 1, 2005).

The sum of Plaintiffs' legal argument is that the court should simply ignore the Proctor Declaration's myriad defects and give the Declaration whatever weight the court deems appropriate, in essence conceding that large portions of it are improper. However, as set out in the Motion to Strike the Declaration, at least 17 of the paragraphs in the Declaration rely on speculation, innuendo and Proctor's own "logic," or are simply allegations or legal arguments that have no place in a declaration. These paragraphs should be struck from the document.

**The Issue Of Relevance Must Be Viewed In The Context Of The Motion Before The Court**

Plaintiffs make various assertions about what investment funds do or should do, which have little or no relevance to the jurisdictional argument before this court. Plaintiffs' alleged knowledge of the fact that Recovery Ways once operated in Nevada or that Recovery Ways is a Nevada limited liability company (knowledge that Mary Tolan and Lawrence Leisure categorically deny having in their respective declarations, attached to the Chicago Defendants' Reply at Dkt Nos. 32-2 and 32-3) should have scant effect on a "significant minimum contacts" analysis of a non-Nevada defendant

buying assets located and operated entirely outside of Nevada. As such, Proctor's speculation as to what he thinks investment funds review is not only outside of his personal knowledge, but is largely irrelevant to the jurisdictional issue before the court.

### Conclusion

Plaintiffs' response is reminiscent of the phrase from the Wizard of Oz imploring the court not to pay attention to the man behind the screen. The case law does not support this approach, and the Proctor Declaration is replete with assertions that he has no basis to make, as he is not making them based upon his personal information and knowledge. To the contrary, the Proctor Declaration is mostly legal argument and speculation. To the extent counsel for Plaintiffs invites this Court to simply give the Declaration little to no weight, they are simply inviting this Court to consider an improper statement of fact. Accordingly, the Chicago Defendants respectfully request that this honorable Court strike the portions of Proctor's Declaration set out in the Motion because they do not comport with the Federal Rules of Evidence and are not based upon the Declarant's personal knowledge.

DATED January 8, 2015.                     ARMSTRONG TEASDALE LLP

By: /s/ *Conor P. Flynn*
CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169

Lawrence W. Byrne, ESQ. (Pro Hac Vice)
Colin Seals, ESQ. (Pro Hac Vice Pending)
Pedersen & Houpt
161 N. Clark, Suite 2700
Chicago, IL 60601

ATTORNEYS FOR DEFENDANTS
CPF RECOVERY WAYS, LLC
CHICAGO PACIFIC CAPITAL, LLC
LAWRENCE LEISURE
MARY TOLAN

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2015, the foregoing REPLY TO THE PLAINTIFFS' OPPOSITION TO DEFENDANTS' CPF RECOVERY WAYS, LLC, CHICAGO PACIFIC CAPITAL, LLC, LAWRENCE LEISURE AND MARY TOLAN'S MOTION TO STRIKE THE DECLARATION OF HUGH S. PROCTOR [DOCKET #43] served on the party(ies) ☒ via electronic service pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures and/or ☐ by mailing a copy thereof, first class mail, postage prepaid, to:

| | |
|---|---|
| Steven A. Gibson | sgibson@gibsonlegrand.com<br>rgibson@gibsonlegrand.com |
| Dennis L. Kennedy<br>Joshua P. Gilmore<br>Mark D. Hesiak | dkennedy@baileykennedy.com<br>jgilmore@baileykennedy.com<br>mhesiak@baileykennedy.com<br>BKfederaldownloads@BaileyKennedy.com,<br>srusso@baileykennedy.com |
| Hector J. Carbajal, II | hjc@cmlawnv.com<br>lah@cmlawnv.com,<br>mcw@cmlawnv.com |
| John Scott Burris | j.scott.burris@wilsonelser.com<br>michael.edwards@wilsonelser.com<br>naomi.sudranski@wilsonelser.com<br>richean.martin@wilsonelser.com |
| Michael M. Edwards | Michael.edwards@wilsonelser.com<br>EfileLasVegas@wilsonelser.com<br>naomi.sudranski@wilsonelser.com<br>richean.martin@wilsonelser.com<br>tyson.hafen@wilsonelser.com |

/s/*Sheila A. Darling*
An employee of Armstrong Teasdale LLP